## THE STATE v. ARCH G. SNYDER, *alias* FRANK KELLY, Appellant.

**Division Two, February 23, 1915.**

1. **UNREASONABLE PUNISHMENT: Burglary: Twenty Years: Authorized by Statute.** Where the record is entirely barren of anything indicating passion or prejudice on the part of the jury, and is singularly free from any inflammatory argument by counsel for the State, a punishment at twenty years' imprisonment assessed against a defendant convicted of being an accessory before the fact to the crime of burglary with explosives, and who the evidence shows stood outside the building watching for police while his confederates opened a window of a laundry and engaged in boring into a safe with a brace and steel-cutting bit, being five years less than the maximum fixed by the statute, is not so unreasonably large as to indicate by its severity passion and prejudice on the part of the jury, but being fully warranted by the statute is allowed.

2. **INSTRUCTIONS: All Law of Case.** A general assignment in the motion for a new trial that "the court erred in failing to instruct on all of the law governing the case" is not sufficient, since it fails to definitely point out to the trial court wherein he erred.

3. **BURGLARY: Sufficiency of Evidence: Testimony of Accomplices and Ex-convicts.** Although almost all of the direct testimony of defendant's participation in the crime of burglarizing the building came from ex-convicts and accomplices, yet if all other matters of detail necessary to prove the offense, except the specific intent with which he happened to be on the scene of the burglary, were established by the testimony of witnesses who were not accomplices, and defendant himself admits he was present but says he was there waiting for a street car, and two of the convicts say he was present as an outside watch for those who were engaged in burglarizing the building, and that he gave a signal of the approach of officers by tapping three times on the window of the building in which the safe was being bored for explosives, and one of the officers testifies that defendant gave this signal, and the trial court gives the necessary precautionary instructions as to the testimony of accomplices and ex-convicts, the judgment will not be disturbed by the appellate court on the alleged ground that the evidence was not sufficient to sustain a conviction, although it cannot be said to preclude the possibility of defendant's innocence.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

AFFIRMED.

*Loyd Martz* for appellant.

*John T. Barker,* Attorney-General, and *S. P. Howell* for the State.

(1) The verdict returned by the jury found the defendant guilty of burglary with explosives as charged in the information and fixed his punishment at twenty years in the State penitentiary. There was but one offense charged, namely, burglary with explosives, and the verdict specifically found the defendant guilty of that crime. Sec. 4527, R. S. 1909; State v. Stark, 202 Mo. 221; State v. Martin, 230 Mo. 691; State v. Stevens, 242 Mo. 439; State v. White, 251 Mo. 185. (2) Where the record shows that substantial evidence has been submitted on the trial upon which to base the verdict returned, this court will not interfere. Under our statute if one by his presence at the scene of crime lends encouragement to its perpetration and is in position and willing to render assistance if necessary to the active participant, he is in contemplation of law equally guilty with the one who physically consummates the criminal act. State v. Orrick, 106 Mo. 120; State v. Kennedy, 177 Mo. 131; State v. Nelson, 98 Mo. 414; State v. Valle, 164 Mo. 551. The common design or purpose to commit the criminal act need not be shown by direct and positive evidence but it may be deduced by attending circumstances connected with the transaction in question. State v. Walker, 98 Mo. 104; State v. Sykes, 191 Mo. 78; State v. Spaugh, 200 Mo. 591; State v. Fields, 234 Mo. 623; 12 Cyc. 186. Moreover, it is the province of the jury to judge of the credibility of the witnesses and the weight and sufficiency

of the evidence. The case was submitted to the jury under fair and proper instructions, and having considered the evidence they found the defendant guilty as charged in the information. There being substantial evidence to support the verdict, this court will not disturb the result reached by the jury. State v. Tetrick, 199 Mo. 104; State v. Sassman, 214 Mo. 738; State v. White, 251 Mo. 178; State v. Concelia, 250 Mo. 424.

FARIS, P. J.—Defendant, sentenced to the penitentiary for a term of twenty years, on conviction of being an accessory before the fact to the crime of burglary with explosives, after the usual procedure, appeals.

The facts in this case as disclosed by the record, are that defendant and three others agreed to burglarize Munger's Laundry in Kansas City and blow the safe therein. King and Magglet, two of such others, raised a window, which was closed, entered the building in which the laundry was operated, and began boring into the safe with a brace and steel-cutting bit, while defendant and another, one Stanton, the remaining one of the quartette, stood watch outside on the street. While King and Magglet were inside of the building boring into the safe preparatory to exploding it with gunpowder, a police officer came along the street, approaching the front of the laundry, whereupon defendant backed up to the window of the laundry and tapped thereon three times. He also tapped, or stamped, three times upon the sidewalk with his feet.

Defendant and said Stanton were taken into custody shortly after this by the officers. Upon examination of the premises alleged to have been burglarized, a set of burglar's tools, an implement called a "jimmy," a revolver, a piece of fuse and some gunpowder were found in and about the building; a part of these articles near the safe, which was found to have the

outer casing bored completely through into the asbestos filling.

The proof shows that the windows of the laundry were closed when the employees thereof left the building on the previous evening. The proof as to whether they were locked was not clear, but one window appeared, as the witness expressed it, "to have been jimmied," and the lock thereon broken.

Stanton, the accomplice of defendant, and one Brown (both of whom admitted they were ex-convicts, and one of whom was an escaped convict), both testified touching defendant's connection with this burglary. The witness Brown testified that he was present at a meeting of King, Magglet, Stanton and defendant, at which it was agreed to burglarize this laundry. The witness Stanton testified positively that defendant and he were stationed outside of the building, pursuant to agreement, to watch for officers and to give the alarm, while King and Magglet entered the building and blew the safe.

Defendant himself admitted his presence at the place where the other witnesses placed him, to-wit, upon the street in front of the burglarized building; but he explains his presence there by saying that he had been to visit his sister in another part of town and on returning toward his lodging place had stopped in front of this building to catch a car. As to his visiting his sister he is corroborated by her and by another sister who testified for him.

Further details of evidence, if they shall become necessary, will be referred to and set out in the subjoined opinion.

Defendant is not represented in this court by counsel, so we are compelled, guided by his motion for a new trial, to examine the whole record for error.

He complains that the verdict is unreasonable and that such unreasonableness indicates passion and prejudice. There appears upon the record no reason what-

**Excessive Punishment.** ever for the existence of passion or prejudice on the jury's part. The record is singularly free from any inflammatory argument by counsel for the State. The punishment inflicted by the verdict of the jury is admittedly severe, but it yet falls five years short of the maximum punishment prescribed by the statute for the offense of which defendant was convicted. [Secs. 4526 and 4527, R. S. 1909.] Since, therefore, there are no indications of passion or prejudice, save the inferences arising from the severity of the punishment, and since this severity was fully warranted by the statute, we disallow the contention.

Neither an objection nor an exception was made or saved to the instructions as given by the court, nor is any matter preserved for our review upon any question pertaining to the instructions. The general assignment of error is made in the motion for a new trial that "the court erred in failing to instruct on all of the law governing the case." We have held many times that such an assignment is not sufficient, in that it fails definitely to point out to the trial court wherein he erred. [State v. Harris, 245 Mo. 445.] If the trial court is to be convicted of error for his failure to instruct on all of the law of the case, he ought to be given an opportunity to correct his error by granting a new trial before the expense and delay of an appeal have been incurred.

Formal complaints are lodged as to the rejection and admission of testimony for and against defendant. An examination of the record discloses that not one single objection was made or sustained to any evidence offered by defendant, and that while thirty-six objections to testimony offered by the State were made by defendant, thirty-one of these objections were sustained by the court. To four of the adverse rulings no exceptions were saved to the action of the court, and in the other and remaining one the court was clearly

right. The testimony was sufficient if the jury believed it (and the sequel would indicate that they did), to sustain the conviction of defendant; although it cannot be said that the evidence in the case precludes the possibility of the defendant's innocence. Almost all of the direct evidence of defendant's participation as an accessory in the crime charged, came from ex-convicts and accomplices. Touching the credibility of all of these the court gave the necessary precautionary instructions as to the manner of weighing their testimony. All matters and details necessary to prove this offense were abundantly shown by testimony other than that of accomplices, save the specific intent with which defendant happened to be at the scene of the burglary. That he was present is not denied. He admits his presence, but says he was there waiting to catch a street car; one of his accomplices and the witness Harry Brown, a confessed ex-convict, say he was there as a lookout for those engaged in burglarizing the building, and that he gave a signal of the approach of the police officers. As to this signal these witnesses are corroborated by one of the officers. The credibility of these witnesses was for the jury, and not for us. [State v. Maggard, 250 Mo. 335; State v. Concelia, 250 Mo. 411.]

In the above case of State v. Concelia, at page 424, touching the sufficiency of the evidence to take a criminal case to the jury, we said:

"Where there exists upon the record, what has been rather loosely called any 'substantial evidence' of the existence of a state of facts legally required to be shown, it is our duty to relegate the determination of controverted questions to the triers of fact. 'The rule is, that before this court will relieve on the ground that the verdict is not supported by the evidence, there must be either a total failure of evidence, or it must be so weak that the necessary inference is, that the verdict is the result of passion, prejudice or partiality.' [State

v. Glahn, 97 Mo. 689; State v. Howell, 100 Mo. l. c. 659.]''

Weighed by this rule, we are not able to say upon the facts as the record shows them, that the evidence does not warrant the verdict found by the jury.

Finding no error meet for reversal, after a painstaking combing of the record in the light of defendant's motions for a new trial and in arrest, we conclude that the judgment should be affirmed. Let this be done.

*Walker* and *Brown, JJ.,* concur.