## THE STATE v. CYREAL DAUGHERTY, Appellant.

### Division Two, March 4, 1924.

1. **ROBBERY:** Instruction for Grand Larceny.    Where defendant, if guilty at all, was clearly guilty of robbery in the first degree, it is not error to fail to instruct on the subject of grand larceny.

2. ————: **Co-Indictee as Witness: Cautionary Instruction.**    To fail to instruct as to the weight and credibility to be given to the testimony of a witness for the State who was jointly indicted with defendant and has been granted a severance, where defendant presents no such cautionary instruction, is not error.    An instruction upon the credibility of all witnesses is amply sufficient to cover the subject.

3. **INSTRUCTION:** On All Law of Case.    Where no complaint was made in the motion for a new trial or elsewhere that any part of the State's case was omitted from the instructions given, and the only complaint on appeal is that matters relied upon by defendant as a defense were omitted from the instructions, such as defendant's alibi and the credibility of a co-indictee as a witness for the State, concerning which no instructions were asked, the assignment, made in the motion for a new trial, that the court failed to instruct on all questions arising in the case, cannot be allowed.    [Distinguishing State v. Conway, 241 Mo. 271, and State v. Burrell, 298 Mo. 672, and following State v. Parker, 301 Mo. 294.]

4. ———: **Robbery: First Degree.** An instruction on a trial of de-
fendant for first degree robbery telling the jury that if they find
that "defendant took and carried away money or property" of the
prosecuting witness "from his person or in his presence and
against his will, by force and violence to his person by putting
him in fear of an immediate injury to his person, without an
honest claim to such money or property on the part of defendant,
and with the intent to deprive" said witness "of his ownership
therein," etc., is proper and within the law.

Appeal from Jackson Circuit Court.—*Hon. Allen C.
Southern,* Judge.

Affirmed.

*Horace Kimbrell* for appellant.

(1) The taking of property from Shore as he de-
scribed the event in his testimony in chief was without
force or putting in fear and hence his testimony if true
was mere larceny and the court should have given an
instruction on larceny. This is true even though the
prosecuting witness on cross-examination claimed that
force was used and that he was put in fear. Steel v. Rail-
road, 265 Mo. 97; State v. Spivery, 204 S. W. 259; State
v. Flynn, 258 Mo. 211; State v. Parker, 262 Mo. 169; State
v. Weinhardt, 253 Mo. 629; State v. Sommers, 12 Mo. App.
374. (2) The court erred in failing to caution the jury in
an instruction as to the weight and credibility of the
evidence of Bowles who from his own evidence was guilty
if any crime was committed as charged in the indictment.
State v. Miller, 100 Mo. 622; State v. Chijo Chiagk, 92 Mo.
395; State v. Walker, 98 Mo. 109. (3) The motion for
new trial alleged that the court erred in failing to instruct
the jury upon all questions arising in the case. This
brings the question of the failure to instruct as to the tes-
timony of an accomplice before the trial court. It prop-
erly raises the question. State v. Burrell, 252 S. W. 709.
(4) Instruction numbered 2 was erroneous. State v.
Adair, 160 Mo. 394; State v. Spray, 174 Mo. 575; State v.

O'Connor, 105 Mo. 126; State v. Kaile, 253 S. W. 709; State v. Sowls, 61 N. C. 151; Roscoe's Criminal Evidence, 896; Johnson v. State, 218 Pac. 179.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto,* Assistant Attorney-General, for respondent.

(1) The State's instruction numbered 2 properly declares the law as to robbery in the first degree. Where all the evidence shows that the crime was committed by "putting in fear," the clerical omission of the disjunctive "or" between the words "by force and violence" and the words "by putting in fear," is not prejudicial to the defendant. There was no evidence of "force and violence" to his person and the instruction without the clause "by force and violence to his person" was entirely sufficient. State v. Davis, 186 Mo. 533, 538. (2) The appellant neither offered nor requested an instruction. His defense was that of alibi; however, he offered no instruction on the law of alibi. It does not appear from the record in this case that counsel for the appellant ever complained of the failure of the court to instruct as to the law of alibi. If they desired an instruction covering this question they should, in common fairness, have informed the court of this fact at the conclusion of the trial. This question is therefore not before this court for review. State v. Parker, 301 Mo. 294. (3) Actual fear need not be specifically proved but may be presumed where the evidence shows just cause for it. 34 Cyc. 1809; 23 R. C. L. 1147, sec. 12; State v. Stinson, 124 Mo. 447; State v. Lawler, 130 Mo. 366; State v. Lamb, 141 Mo. 298; State v. Kennedy, 154 Mo. 268.

RAILEY, C.—On September 26, 1922, a grand jury of Jackson County, Missouri, returned into court an indictment charging Cyreal Daugherty and Johnny Bowles with robbery in the first degree, committed June 24, 1922, in the County of Jackson and State of Missouri, in that they feloniously robbed one R. E. Shore of $2436, etc..

On September 26, 1922, defendants were formally arraigned and entered their plea of not guilty. Thereafter on November 14, 1922, upon application of defendant Johnny Bowles, the court ordered a severance, and the State elected to try defendant Cyreal Daugherty first. Thereafter, the case was tried before a jury, and on said last-named date the following verdict was returned:

"We, the jury, find the defendant Cyreal Daugherty guilty of robbery first degree as charged in the information and assess his punishment at ten years in the Missouri State Penitentiary."

Appellant filed motions for a new trial and in arrest of judgment. Both motions were overruled, and after sentence and judgment in conformity to said verdict, an appeal was granted defendant to this court.

Ray E. Shore, the prosecuting witness, testified, in substance, that he was building residences in the south part of Kansas City, Missouri; that on the afternoon of the 24th day of June, 1922, he was taking the weekly payroll, amounting to between $3000 and $4000, out to pay the men; that he was driving a Ford touring car by himself, and carried the above money in a little leather handbag. Witness then testified as follows:

"Q. State what, if anything, unusual occurred on that afternoon? A. Well, on my way out on West Gillham Road, I was held up by some colored fellows and my payroll was taken from me. I was going up West Gillham and just as I passed 43rd Street I heard another car coming up behind me. I thought to myself, Gee those fellows are going fast, and as they come up to me they headed their car into mine, and the fellow in the car held a revolver on me and crowded me over to the curb and got their car in front of mine, and one of the fellows got out of the front seat and came and asked me for the handbag. I hesitated a few minutes and he asked, 'Hand it over here,' and I handed it over, and he got back in the car and drove on West Gillham to 44th Street and then turned east. They stopped my car by taking the key out of the car. I got out of my car and there was another

302 Mo. Sup.—41.

fellow coming up behind me and I stopped him and got in his car, and I never saw the other car again, but he followed it along the road by asking people which way it went. They went east on 46th Street to Paseo and back towards town. . . .

"Q. Can you describe the car? A. It was a Hudson touring car. It had red wheels, and I tried to get the license number, but I could not get it on account they had a double bumper on it and it split the license number right in the center. There wasn't any chance for me to get it. . . .

"Q. You say a man got out of the car and held a gun on you and took the bag? A. Yes, sir."

He said the man was then in the court room during the trial; that he first saw him at the show-up down at the police station. Witness then pointed out the defendant in the court room as the man who took from him the handbag containing $2470 in Jackson County, Missouri. He testified positively that appellant was the man who got his money. He also identified appellant at the police station as the man who got his money.

On cross-examination, witness Shore testified that defendant stuck the revolver right in his face.

Thomas J. Higgins, in behalf of the State, testified, in substance, that he was a police officer, connected with the detective department on June 24, 1922, and arrested defendant; that a day or two before the arrest of defendant, he arrested Johnny Bowles, the co-defendant, who told him he had received $50 for driving the Hudson car, at the time of said robbery; that he took Shore to see the Hudson car and Shore identified it in the presence of witness. He said Shore picked out a picture of defendant and Bowles at the police station.

Johnny Bowles testified in substance that he was in the taxi-cab service; that he knew defendant when he saw him; that he saw defendant on June 24, 1922, when the latter hired him and his car, to take him to 44th and Gillham Road. He testified that defendant and a man named Fred hired the car; that while making the trip, they saw a Ford car go by, and they had him crowd the

driver of said car to the curb; that defendant is the man who got out of the Hudson car, and got the satchel; that defendant paid him $50; that he (witness) took no part in the robbery.

On cross-examination, Bowles testified, in substance, that the two men in his car were on the rear seat and they ordered him to crowd Shore into the curb; that they had two guns drawn on him and forced him to do this; that defendant got out of the Hudson car, drew a gun on Shore and got the bag; that defendant had the gun in his right hand and took the bag out of the Ford car with his left hand; that defendant then told him (witness) to drive to 16th and Forest, which he did; that he got $50 in all for his services.

The defense was an alibi. Defendant's father, a carpenter, a man for whom he was building a house, and the defendant, Cyreal Daugherty, testified that at the time of the alleged robbery defendant was at work with his father on a house in another part of the city.

The instructions, rulings of the court, etc., will be considered, as far as necessary, in the opinion.

I. Appellant contends that the court erred in failing to submit to the jury the question as to whether he was guilty of grand larceny instead of robbery in the first degree. He relied upon the defense of

*Instruction. for Larceny.* alibi, and testified that he was not present at the time and place of the robbery. On the other hand, the positive testimony of Shore and Bowles is to the effect that defendant was present and, at the point of a gun, forced Bowles to pull the latter's car in front of the one driven by Shore and thereby forced the latter to the curb. The evidence of both Bowles and Shore is equally as clear to the effect that defendant, at the point of a gun, took from the possession of Shore a bag of money containing $2470, without his consent, etc. An instruction, under the circumstances aforesaid, based upon grand larceny, had no place in the case. No instruction of this character was asked in behalf of defendant, nor was the court in error in failing to instruct

on that subject. [State v. Thompson, 238 S. W. 1. c. 116; State v. Lasson, 238 S. W. 1. c. 103-4; State v. Huffman, 238 S. W. 430; State v. Affronti, 238 S. W. 106; State v. Yates, 252 S. W. 641.] The above contention is without merit.

II. It is insisted that the court erred in failing to caution the jury, by an instruction, as to the weight and credibility of the evidence of Bowles, who was jointly indicted with appellant. The latter presented

Cautionary
Instruction.

no instruction of this character to the trial court, nor did he ask the court to instruct on this subject. No specific complaint of this kind is even mentioned in the motion for a new trial. Instruction 6, given by the court, as to the credibility of all the witnesses, was amply sufficient to cover the above subject.

III. It is contended by appellant that his motion for a new trial complains of the court's failure to instruct the jury upon all questions arising in the case. He then

Instruction
Upon All
Questions.

asserts that the court erred in failing to instruct as to the testimony of an accomplice before the trial court. We are cited to the case of State v. Burrell, 298 Mo. 672, as an authority in support of the above contention. In the Burrell Case the court failed to instruct as to manslaughter, when this court held that defendant was entitled to such an instruction. Three of the judges in the Burrell Case dissented, on the ground that the trial court could not be convicted of error for failing to give such an instruction, where none was asked at the trial, relating to that subject. The majority opinion was based on the ruling in State v. Conway, 241 Mo. 271.

In both Conway and Burrell cases, the matters omitted related to those things which were a part of the State's case in defining the offense. In the Conway Case, defendant was charged with both burglary and larceny in the same information. They were separate and distinct offenses, and upon a trial the jury were entitled to convict upon both charges, or to acquit defendant of both, or to convict of one and to acquit as to the

other. The instructions, as given, required the jury to convict of both or to acquit of both, with no instruction or provision for separate verdicts. This error was not called to the attention of the court until the filing of a motion for new trial, when it was then raised. The court, however, held, that as a part of the State's case the instruction should have been given, and that the trial court had not properly instructed the jury, as to all the law that was necessary for their guidance as a part of the State's case. The same was likewise true in the Burrell Case, where the State, as a part of its case, failed to have the jury instructed as to manslaughter, although no request was made at the trial and no complaint lodged until the motion for a new trial was filed.

In the case at bar, however, there is no complaint made in the motion for a new trial, or elsewhere, that any part of the State's case was omitted, but the complaint only goes to those matters which relate to the defenses relied on by defendant. If the latter desired any additional instructions relating to the credibility of Bowles, or to defendant's alleged alibi, he should have called the attention of the court thereto as a part of his affirmative defense. He not only failed to do so at the trial but, in his motion for a new trial, simply alleges that the court failed to instruct "upon all questions in the case." This subject is fully considered in State v. Parker, 301 Mo. 294, decided in this Division December 3, 1923, where we reached a conclusion adverse to appellant's contention.

IV. The correctness of instruction number two, given by the court, is challenged. It reads as follows:

"The court instructs the jury that if you find and believe from the evidence in this case that at any time within three years next before the 26th day of September, 1922, the date of filing the information in this case, at Jackson County, State of Missouri, the defendant, Cyreal Daugherty, took and carried away any money or property described in the information the property of Ray E. Shore from his

Instruction for Robbery.

person or in his presence and against his will, by force and violence to his person by putting him in fear of an immediate injury to his person, without any honest claim to such money or property on the part of defendant, and with the intent to deprive said Ray E. Shore of his ownership therein, then you will find defendant guilty of robbery in the first degree and assess his punishment at imprisonment in the state penitentiary for any term not less than five years."

We are of the opinion that the above instruction is proper, and within the law; that it is covered by the information, and based on the evidence in the case. [Sec. 3307, R. S. 1919; State v. Bater, 232 S. W. l. c. 1013; State v. Affronti, 238 S. W. l. c. 110; State v. Thompson, 238 S. W. l. c. 116.]

V. We have carefully examined all the questions raised by defendant, and we find no error therein of which he can legally complain. He was convicted upon clear and substantial evidence, after a fair and impartial trial.

Conclusion.

The judgment below was for the right party and is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.

Headnotes 1 and 4: **Robbery:** 1, 34 Cyc. 1811; 4, 34 Cyc. 1810. Headnotes 2 and 3: **Criminal Law:** 2, 16 C. J. sec. 2500; 3, 16 C. J. sec. 2728½ (1926 Anno).