## THE STATE v. BUCK CARDWELL, Appellant.

Division Two, December 22, 1925.

1. **INFORMATION: Intoxicating Liquor.** The information set out in the opinion, charging that defendant "did then and there unlawfully, wilfully and feloniously transport hootch, moonshine and corn whiskey," is held sufficient to support a verdict assessing his punishment at two years' imprisonment.

2. **INSTRUCTION: Converse.** Defendant is entitled to a converse instruction to the State's main instruction when he requests it, unless the one for the State contains a clause equivalent to a converse instruction. But a converse instruction is no part of the State's case, but is a part of defendant's defense, and if he desires an instruction on the subject he should either present one, or ask the court to give such an instruction.

3. ————: **Omission of Feloniously: Moonshine.** The Act of 1923 (Laws 1923, p. 243, sec. 21) does not require the State to allege and prove, in order to sustain a conviction and a verdict assessing the punishment at two years' imprisonment, that the defendant feloniously transported moonshine whiskey; and an instruction for the State is not erroneous simply because it omits the word "feloniously."

4. ————: **Omission of Unlawfully: Moonshine Whiskey.** Section 21 of the Act of 1923 (Laws 1923, p. 242) provides that "if any person shall transport any hootch, moonshine, or corn whiskey, he shall be guilty of a felony . . . Provided: That this section shall not apply in the case of corn whiskey lawfully manufactured, transported or sold." *Held,* that it is unnecessary that the instruction for the State require that the moonshine whiskey was "unlawfully" transported, where defendant is charged with transporting moonshine whiskey and the evidence sustains the charge. A defendant can be convicted under said Section 21 for unlawfully transporting even corn whiskey, without alleging or proving that it was feloniously transported; and the proviso thereto should not be construed to authorize the transportation of "hootch" or moonshine whiskey under any circumstances.

5. ————: **Moonshine: Definition.** Whether the word "moonshine" used in Section 21 of the Act of 1923 (Laws 1923, p. 243) means "any intoxicating liquor unlawfully made" is left for determination in a case in which the question is presented as a live issue; its determination is not necessary in this case, in which defendant was charged with transporting "hootch, moonshine and corn whiskey" and the evidence, without contradiction or variance, was that

State v. Cardwell.          .

he was transporting "moonshine corn whiskey" and a "jar full of moonshine whiskey." Since the charge and the uncontradicted evidence were that he was transporting moonshine whiskey, the defendant was not prejudiced by an instruction defining "moonshine" to mean "any intoxicating liquor unlawfully made," whether that definition be right or wrong.

Criminal Law, 16 C. J., Section 2497, p. 1055, n. 13; Section 2499, p. 1057, n. 26; p. 1058, n. 32; 17 C. J., Section 3705, p. 348, n. 85; p. 349, n. 91.  Intoxicating Liquors, 33 C. J., Section 197, p. 580, n. 23; Section 437, p. 721, n. 40; Section 547, p. 791, n. 37; Section 550, p. 794, n. 86.

Appeal from Taney Circuit Court.—*Hon. Fred Stewart*, Judge.

AFFIRMED.

*Robert W. Otto*, Attorney-General, and *James A. Potter*, Special Assistant Attorney-General, for respondent.

(1)   The information in this case follows the language of the statute, and is sufficient.  State v. Gatlin, 267 S. W. 797.   (2)   The defendant is always entitled to a converse instruction when he requests it, unless the State's main instruction contains a clause equivalent to a converse instruction.  State v. Hayes, 247 S. W. 168; State v. Jackson, 126 Mo. 521; State v. Fredericks, 136 Mo. 51; State v. Harris, 232 Mo. 317; State v. Rutherford, 152 Mo. 124; State v. Dougherty, 287 Mo. 82; State v. Johnson, 234 S. W. 794; State v. Cantrell, 234 S. W. 800; State v. Majors, 237 S. W. 488.   (3)   The main instruction for the State which pretends to cover the whole case should ordinarily include the word, "feloniously" or words of similar meaning.  State v. Reagen, 280 Mo. 60; State v. Cummings, 206 Mo. 623; State v. Rader, 262 Mo. 132; State v. Massey, 274 Mo. 589; State v. Burgess, 268 Mo. 413; State v. Reed, 140 Mo. App. 253.   (4)   The word "moonshine" means corn whiskey, and is not broad enough to include all kinds of intoxicating liquor.  State v. Gatlin, 267 S. W. 797.   (5)   The word "moonshine" means liquor illegally manufactured.  State v. Brown, 262 S. W. 710; State v. Combs, 273 S. W. 1037.

RAILEY, C.—On April 15, 1925, a verified information was filed in the Circuit Court of Taney County, Missouri, which, without caption, signature and jurat, reads as follows:

"Comes now A. H. Blunk, Prosecuting Attorney within and for the County of Taney, in the State of Missouri, and upon the affidavit of —— and upon his oath of office informs the court that on or about the —— day of March, 1925, at and in the County of Taney and State of Missouri aforesaid, one Buck Cardwell and Coonie Hobbs, both late of the County of Taney and the State of Missouri, did then and there unlawfully, wilfully and feloniously, transport hootch, moonshine and corn whiskey, contrary to the form of the statute made and provided and against the peace and dignity of the State."

On April 20, 1925, defendants, Buck Cardwell and Coonie Hobbs, asked for a severance, which was granted, and the State elected to try defendant Buck Cardwell first. Thereafter this appellant entered a plea of not guilty and, on April 21, 1925, upon a trial before a jury, the latter returned the following verdict:

"We, the jury, find the defendant Buck Cardwell guilty as charged in the information and assess his punishment at two years in the State Penitentiary."

Motions for a new trial and in arrest of judgment were filed on April 22, 1925. Both motions were overruled, and thereafter on the same day defendant was granted allocution, judgment rendered, sentence pronounced, and an appeal granted defendant to this court.

The appellant filed no brief in this court. The evidence is short and the substance of same is correctly stated by counsel for the State, as follows:

On the day alleged in the information, defendant was seen traveling on horseback in Taney County, Missouri. He was passed by the prosecuting witness on the highway and the prosecuting witness noticed that defendant was drunk. He asked defendant where he was going and he replied he was going to Hollister, which is

also in said County of Taney. The prosecuting witness at the time noticed that defendant had a jar containing liquor in his coat, tied to the horn of his saddle. Witness proceeded down the road in search of an officer and, after finding the officer, met the defendant in the road, at which time defendant was arrested and his jar, which was attached to his saddle, was seized by the officer and witness identified the liquid found in the jar to be moonshine corn whiskey.

Defendant testified in his own behalf, that he was not drunk on this occasion; he admitted he was on the road to Hollister when the officers arrested him and took the fruit jar away from him; he said nothing about the contents of the jar, but denied some other immaterial statements testified to by State's witnesses.

No brief has been filed in this court in behalf of appellant, but counsel for respondent have called attention in their brief to certain questions arising in the record which require consideration at our hands.

I. We are of the opinion that the information heretofore set out, although assailed in the motion in arrest of judgment, is sufficient as to both form and substance. [State v. Combs, 273 S. W. (Mo.) l. c.

Information. 1038-9; State v. Bennett, 270 S. W. (Mo.) 295-6; State v. Gatlin, 267 S. W. (Mo.) 797; State v. Brown, 304 Mo. 78, 262 S. W. l. c. 711.]

II. No demurrer to the evidence was offered by defendant at the conclusion of the State's case, or at the conclusion of the whole case. The prosecuting attorney and constable of Taney County testified, *without contradiction,* that on March 12, 1925, defendant was arrested in said county by said constable, and that at the time of his arrest he was transporting a fruit jar full of *moonshine whiskey* on a horse, and that the same was then and there wrapped in a slicker and tied to the back of his saddle. The defend-

Sufficient Evidence.

ant was sworn as a witness in his own behalf, and testified that he was not *drunk* when arrested, but did *not deny* that he was transporting moonshine whiskey as testified to by above witnesses when arrested. In other words, defendant was the *only* witness in his own behalf, and signally failed to contradict the above witnesses in regard to his transporting moonshine whiskey in said county on the date aforesaid. The State therefore made out a plain case on the merits.

III.   Instruction 1, given by the court, reads as follows:

"The court instructs the jury that if you believe and find from the evidence in this case beyond a reasonable doubt that in the County of Taney and State of Missouri on or about the 12th day of March,

Converse.

1925, the defendant herein, Buck Cardwell, did then and there unlawfully transport any moonshine, you will find the defendant guilty as charged in the information and assess his punishment at imprisonment in the State Penitentiary for not less than two years nor more than five years, or by either a fine of five hundred dollars or imprisonment in the county jail for a term of not less than three months nor more than twelve months, or by both such fine and imprisonment."

We have uniformly held, in cases of this character, that defendant is entitled to a converse instruction when he requests it, unless the State's main instruction contains a clause equivalent to a converse instruction. [State v. Hayes, 247 S. W. (Mo.) l. c. 168; State v. Majors, 237 S. W. (Mo.) l. c. 488; State v. Cantrell, 234 S. W. (Mo.) 800; State v. Johnson, 234 S. W. (Mo.) 794; State v. Dougherty, 287 Mo. 82; State v. Harris, 232 Mo. 317; State v. Rutherford, 152 Mo. 124; State v. Fredericks and Langon, 136 Mo. 51; State v. Jackson, 126 Mo. 521.]

These cases proceed on the theory that a converse instruction is no part of the State's case, and if the appellant desires an instruction on the subject he should

either present one, or ask the court to give such an in-struction. The law, in respect to this matter, is analagous to that relating to an alibi. We have held that where an alibi is relied on, it is a part of defendant's affirmative defense. It is no part of the State's case, and unless the court is requested to instruct on the subject, it cannot be convicted of error for failing to do so. [State v. Brazel, 270 S. W. (Mo.) 1. c. 274; State v. White, 263 S. W. (Mo.) 1. c. 195; State v. Daugherty, 302 Mo. 638, 259 S. W. 1. c. 788-9; State v. Carr, 256 S. W. (Mo.) 1. c. 1048; State v. Parker, 301 Mo. 294, 256 S. W. 1. c. 1042-3; State v. Bond, 191 Mo. 1. c. 563, 90 S. W. 832.]

IV. It will be perceived from reading Instruction 1 supra, that it does not contain the word **Feloniously.** "feloniously" or words of similar import.

In State v. Tipton, 307 Mo. 1. c. 517, a grand larceny case where all the leading authorities in this State are collated and reviewed, we said: "Upon a careful and full consideration of the authorities cited, we have reached the conclusion that the word 'feloniously' was properly used in the information herein to classify the offense, but that it is not necessary to incorporate the same in an instruction defining the crime."

Section 21 of the Act of 1923, Laws 1923, pages 242-3, provides that: "If any person shall . . . transport any 'hootch,' 'moonshine,' 'corn whiskey' [he] shall be guilty of a felony," etc., . . . "Provided: That this section shall not apply in the case of corn whiskey lawfully manufactured, transported or sold."

Section 21 of the above law does not *contemplate* that the State shall be required to allege and prove, *in order to sustain a conviction*, that appellant *feloniously* transported *moonshine whiskey*. We are also of the opinion that if defendant is charged with transporting **Unlawfully.** *moonshine whiskey*, and the evidence sustains this charge, it is unnecessary for the court, as in the above instruction, to require the jury to find that

the moonshine whiskey was *unlawfully* transported. In other words, a greater burden was placed on the State in the use of the word *"unlawfully,"* than Section 21 supra` required. Broadly speaking, a conviction could be had under Section 21 for *unlawfully* transporting even *corn whiskey,* without *alleging or proving* that it was *feloniously* transported. The proviso, however, should not be construed to authorize the transportation of *"hootch"* or *moonshine whiskey* under *any* circumstances.

V. Instruction 2, given by the court, properly defines presumption of innocence and reasonable doubt. No complaint is made as to this instruction.

VI. Instruction 3, given by the court, reads as follows:

"Gentlemen, the word 'transport' as used in the foregoing instruction means and includes every mode, method and means of carrying or conveying intoxicating liquor from place to place in any container or receptacle of whatsoever kind or character and by whatsoever means used except carrying intoxicating liquor on the person.

Moonshine: Definition.

*"Gentlemen, the word "Moonshine' means any intoxicating liquor unlawfully made."* (Italics ours).

The first paragraph of this instruction is sustained by Section 19, Laws 1923, page 242, but according to counsel for the State, there seems to be some confusion prevalent among the judges of the different courts, as to the meaning of the words, "hootch," "moonshine," "corn whiskey," found in Section 21 of Laws of 1923, at page 243.

In State v. Brown, 262 S. W. l. c. 711, Judge WHITE said:

"The statute (Section 21 of the Act of 1923, Laws 1923, pp. 242, 243) makes it a felony to sell 'hootch,' 'moonshine,' 'corn whiskey.' These words, not being con-

nected by a disjunctive or a conjunctive, must be taken as synonymous; 'hootch,' 'moonshine,' and 'corn whiskey' are different expressions describing the same kind of liquor. . . .

"Legally, 'moonshine,' in a context like the language of the information, has as definite a significance as the term 'whiskey.' *It means liquor manufactured illegally.*" (Italics ours.)

Query 1. Does "moonshine" as used in Section 21 refer solely to whiskey manufactured illegally?

In State v. Gatlin, 267 S. W. 797 and following, the information charged defendant with unlawfully transporting "hootch, moonshine, and corn whiskey" contrary to the provisions of Section 21 of the Act of 1923. The evidence tended to prove that defendant transported whiskey, but did not show it was either "hootch," "moonshine," or "corn whiskey." Judge HIGBEE, in concluding his opinion, on page 799, said: "In this case the evidence is that the jugs and jars transported contained whiskey; *there is no evidence that they contained corn whiskey.* Hence the court erred in overruling the demurrer to the evidence." (Italics ours.)

Query 2. Was it the intention to hold that the language used in Section 21 of the Act of 1923 meant that "hootch" and "moonshine" were synonymous with "corn whiskey," and that a conviction for transporting "moonshine" would not support a verdict for transporting rye whiskey?

Query 3. Was the language of Section 21 intended simply to cover "hootch whiskey," "moonshine whiskey" and "corn whiskey?"

Query 4. Was the use of the word "moonshine" intended to cover other intoxicating liquors aside from some kind of whiskey?

In State v. Combs, 273 S. W. l. c. 1038, defendant was charged with selling one-half pint of "moonshine" and was found guilty of selling "moonshine." He was not charged with selling corn whiskey, nor was he con-

victed for selling same, but the judgment below was affirmed on the theory that selling "moonshine" constituted a felony under Section 21 of the Act of 1923.

In view of the rulings heretofore mentioned, we think the Attorney-General acted with propriety in requesting this court to determine definitely what construction should be placed upon the words, "hootch," "moonshine," ":corn whiskey" as set out in Section 21 of the 1923 law; and, especially, to determine whether "moonshine" means any intoxicating liquor unlawfully made, or whether Section 21 simply refers to "moonshine" whiskey.

It is probable that some light might be thrown on this subject, by an examination of the House and Senate Journals relating to Senate Bill No. 124, which finally culminated in the enactment of the present law, as set out in Acts of 1923, Laws 1923, at pages 236 and following. We feel that a question of such vital importance as that presented in the foregoing instruction defining "moonshine" to mean "any intoxicating liquor unlawfully made," should be determined in a case where its validity is presented as a live issue. We are of the opinion that this case should be affirmed, on the undisputed facts in the record, whether the foregoing definition of "moonshine" be right or wrong.

VII. The prosecuting attorney and one of the constables in Taney County testified at the trial positively, and without contradiction, that on March 12, 1925, defendant was arrested on the highway of said county, by said constable, and that at the time of his arrest he was transporting a fruit jar full of moonshine whiskey on a horse, and that the same was then and there wrapped in a slicker, and tied to the back of his saddle. The defendant was the only witness in his own behalf, and testified that he was not drunk, but did not, either directly or indirectly, deny that he was transporting moonshine whiskey, as testified

*Proof of Moonshine.*

to by above witnesses.  He was charged in the information with unlawfully transporting moonshine whiskey. The uncontradicted evidence disclosed that he was transporting that kind of whiskey and the jury found him guilty of transporting moonshine whiskey as charged in the information.  There is not a word of evidence in the case tending to show that defendant was transporting wine, beer, or any other intoxicating liquor, except moonshine whiskey.  The definition of "moonshine," given by the court, was sufficient to cover moonshine whiskey, and as nothing but moonshine whiskey was mentioned in evidence, the balance of said instruction, whether right or wrong, affords no ground for reversing and remanding this cause.

In State v. Brown, 262 S. W. l. c. 711, Judge WHITE, in overruling the State's contention that defendant was not injured by the giving of an erroneous instruction, said: "No oral evidence is conclusive where the jury must pass upon the credibility of the witnesses."

We find upon examination of the transcript in the Brown case that the defendant testified as a witness and squarely contradicted the testimony of the State, while in this case, the defendant, when confronted with the State's positive evidence, declined to contradict the same while testifying in his own behalf, or to make any explanation as to his possession and transportation of moonshine whiskey.  We accordingly hold that, regardless of the validity or invalidity of the foregoing definition of "moonshine," the defendant, in view of the undisputed facts and his failure to controvert the positive evidence against him, is in no position to insist upon a reversal of the cause, based on the definition of "moonshine" aforesaid, whether right or wrong.

Upon a careful consideration of all the facts disclosed in this case, we find no adverse rulings of the trial court which would warrant us in reversing and remanding the cause.  It cannot be said here, that the jury might not have believed the State's witnesses, for they did be-

lieve them, as shown by the record, and returned a verdict of conviction for transporting moonshine whiskey, and nothing else.

The judgment below was for the right party, and is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur; *White, J.,* in the result.