THE STATE v. ORA MITTS, Appellant.

Division Two, December 20, 1926.

**1. CONSTITUTIONAL QUESTION: How Preserved.** Appellant kept alive for review his constitutional question by filing his motion to quash the information on the ground that the act upon which it was grounded is unconstitutional, by challenging the sufficiency of the evidence during the progress of the trial, and by assigning error in his motion for a new trial to the action of the court in overruling his motion to quash.

**2. ACT OF 1923: Repeal of Existing Sections: Not Mentioned in Title: Implication.** Repeal by implication is not dependent upon the presence in the title of a later act of an express mention of the existing sections repealed by it. It does not follow, because the title of the Act of 1923, Laws 1923, page 247, does not suggest that Sections 6591, 6597 and 6604, Revised Statutes 1919, are repealed by said act and that Section 29 of the act expressly repeals them, that the entire act fails. If Sections 2 and 21 of the Act of 1923 under which appellant was prosecuted are in conflict with these sections, then these sections were repealed by necessary implication, and no mention of them in the title of the act or in the body of the act was necessary; on the contrary, if Sections 2 and 21 of the Act of 1923

under which he was prosecuted are consistent with these sections, they all remain in force and effect.

3. **INTOXICATING LIQUOR: Manufacture: Intoxicating in Fact: Alcoholic Content.** To support a charge of manufacturing corn whiskey, based on the Act of 1923, Laws 1923, page 236, it is not necessary to show that the liquor manufactured was in fact intoxicating, or that hootch, moonshine or corn whiskey is intoxicating, or to show its alcoholic content by some actual test. The manufacture of corn whiskey is a felony, and the act does not require any particular alcoholic content in the liquor whose manufacture is forbidden, but the act itself is a finding that corn whiskey is intoxicating liquor, and if the witnesses testify that the whiskey manufactured was corn whiskey, and no objection is made to their qualifications to tell by inspection what it was, that is enough to bring its manufacture within the provisions of the act.

4. **INSTRUCTION: Accessory: Charged as Principal.** One charged with the commission of a felony may be convicted on proof that he was an accessory before the fact. An instruction authorizing the jury to find defendant guilty if they find that he "did unlawfully make corn whiskey, or did aid, assist or encourage Lee Mullins and Bill McKinney in making corn whiskey," is not erroneous, although the information charges him only with manufacturing corn whiskey.

5. ———: **Information in Two Counts: Same Transaction: No Election.** Where both counts of the information refer to the same identical act, and that act is a violation of two sections of the statute, an instruction, otherwise correct, which fails to advise the jury upon which count defendant is being tried and upon which they may find him guilty, is not erroneous. Where the first count charges that defendant unlawfully manufactured corn whiskey, which is an offense denounced by Section 2 of the Act of 1923, and the second count charges that he used and operated a still in the manufacture of corn whiskey. which is an offense denounced by Section 21 of said act, and the offenses are not charged to be different acts, nor as committed on different days. and all the evidence points to one single act and to one single date, an instruction which does not advise the jury upon which of the two counts they may convict defendant is not for that reason erroneous. A defendant cannot use and operate a still for the manufacture of corn whiskey without manufacturing it, nor can he manufacture it without using and operating the still.

6. **VERDICT: Information in Two Counts: Election.** Where two counts of the information charge the same offense, a general verdict of guilty is sufficient. He cannot be convicted upon both counts if both refer to the same identical act, but where such is the fact and no motion to elect is filed, a general verdict of "guilty as charged in the information" is not vulnerable on the ground that the court did not charge the jury upon which count they might convict him.

Corpus Juris-Cyc. References: **Criminal Law,** 16, C. J., Section 2506, p. 1063, n. 85; Section 2593, p. 1105, n. 11; 17 C. J., Section 3706, p. 349, n. 93. **Intoxicating Liquors,** 33 C. J., Section 81, p. 528, n. 58; Section 247, p. 617, n. 60; Section 527, p. 775, n. 16; Section 541, p. 786, n. 52. **Statutes,** 36 Cyc., p. 976, n. 27; p. 1031, n. 33; p. 1032, n. 34; p. 1033, n. 47; p. 1071, n. 24; p. 1073, n. 35; p. 1074, n. 37.

Appeal from Cass Circuit Court.—*Hon. Ewing Cockrell,* Judge.

AFFIRMED.

*Hairgrove & Sloan* for appellant.

(1) Specific attention is called to the title of the Act of 1923, because of the contention of the defendant that the act is unconstitutional. This act purports to repeal Sections 6591, 6597, 6604, R. S. 1919, and Section 6595 of the Act of 1921, yet nowhere in the title to said act was it expressed that said sections were to be repealed and new sections substituted therefor. State v. McEniry, 269 Mo. 228; Sedalia ex rel. v. Smith, 206 Mo. 346; State v. Julow, 129 Mo. 163; State v. Doerring, 194 Mo. 398. (2) Section 2 of the Act of 1923, and Section 21 are in conflict in regard to the penalty, and the giving by the court of Instruction 1, was within itself reversible error. The information charges two separate and distinct offenses and the defendant was tried upon both counts of the information. It is the duty of the court to instruct the jury upon all matters of law involved in the case, and this we contend was not done in this case, and that really only one instruction was given, and that instruction embraced only one offense. The record fails to disclose anywhere that either of the charges in the information were dismissed prior to the case being finally submitted to the jury. The court in its Instruction 1 nowhere gave any instruction in regard to possession of the still, although in the trial great stress was placed upon the still and all of the parts thereof, over the objections of the defendant. (3) The jury were instructed to find defendant guilty if they found from the evidence beyond a reasonable doubt that defendant "unlawfully did make corn whiskey or did in any way aid, assist or encourage Lee Mullin or William McKinney in making any corn whiskey." Nowhere in the information was defendant charged with aiding, abetting or assisting in the making of corn whiskey, and it was an error on the part of the court to give any such intruction. (4) The intention of the law was not to prohibit the making or traffic in non-intoxicating liquor, and when liquor was named by any other name it must be shown to contain at least one-half of one per cent of alcohol by volume. The alcoholic content by volume must be proven by the State, and the failure to so prove when called to the attention of the court by a demurrer at the close of the evidence on the part of the State, should have been sustained. Marks v. State, 159 Ala. 71; People v. Strickler, 26 Cal. App. 60, 142 Pac. 1121.

*North T. Gentry*, Attorney-General, and *H. O. Harrawood*, Special Assistant Attorney-General, for respondent.

(1) The question of constitutionality must not only be raised at the first possible opportunity but must be kept alive. This was not done.

The constitutional question attempted to be raised has been passed upon repeatedly by the courts. The act is constitutional. State ex rel. v. Gordon, 261 Mo. 632; State v. Miller, 45 Mo. 632; State v. Mullinix, 301 Mo. 385; Ascl v. City of Jefferson, 287 Mo. 203; State v. Wright, 280 S. W. 703.

WHITE, J.—On December 3, 1925, in the Circuit Court of Cass County, on a jury trial, the defendant was found guilty of manufacturing corn whiskey, and his punishment assessed at two years' imprisonment in the penitentiary. The trial court entered judgment accordingly, and the defendant appealed.

The evidence shows that on the night of October 1, 1925, John Lewis, a justice of the peace, and Ernest Wales, Constable of Mt. Pleasant Township in Cass County, went to a house about four miles south of Belton, where they saw persons passing in and out as if engaged in some mysterious operation. After waiting through the night, about three o'clock A. M. they entered the house and found the defendant Ora Mitts, one Lee Mullins, and one William McKinney eating breakfast. A still was in operation there whereby corn whiskey was being manufactured. The place belonged to Carl Mullins, who was away from home at the time. Lee Mullins was his father.

The evidence shows a contest between Ora Mitts and the other two men as to who was guilty of operating the still. Mullins and McKinney appeared as witnesses for the State, and testified that Ora Mitts owned the still, brought it there, and Carl Mullins, the owner of the place, knew nothing about it. Other members of the Mullins family testified that when Mitts brought the still to the place he said that he (Mitts) was entirely responsible and would take all the blame for it; Carl Mullins had nothing to do with it. The State put in evidence other statements made by Mitts to the effect that if he had not been arrested at the time he would have run off the stuff and the officers would not have known anything about it.

The defendant introduced evidence tending to show that it was Lee Mullins and Will McKinney who were operating the still; that he did not own it, had nothing to do with it, and was only a visitor at the time.

I. The defendant first filed a motion to quash the information on the ground that the Act of 1923, under which the prosecution was had, was unconstitutional. The appellant kept the constitutional question alive by assigning error in his motion for new trial to the action of the court in overruling his motion to quash. There was no other way in which he could continue his objection to the constitutionality of the statute during the progress of the trial except to challenge the sufficiency of the evi-

Constitutional
Question.

dence, and this he did. This court in case of State v. Tallo, 308 Mo. 584, 274 S. W. 466, held the act to be constitutional as against an attack upon the sufficiency of the title. The precise objection here, not touched upon by that case, is that Section 29, page 247, Laws 1923, expressly repeals Sections 6591, 6597 and 6604, Revised Statutes 1919, and no suggestion of such repeal appears in the title. If we understand the argument it is that, because Section 29 is not authorized by the title, the entire act fails. That is not the law. One or more sections of the act may be held unconstitutional without affecting other sections of the same act.

*Act of 1923.*

It further seems to be contended that because Sections 6591, 6597 and 6604 are not repealed by the act on account of the infirmity in the title, those sections are still in force, and Sections 2 and 21 of the Act of 1923, under which defendant was tried, being in conflict with them, would fail; if appellant's argument means anything it means that. Counsel overlook the rule that a statute may be repealed by implication. This court said in case of State ex rel. Matacia v. Buckner, 300 Mo. l. c. 367 : ''Repeals by implication are not dependent upon the presence in titles or acts under them of express mention of the matter so repealed.''

Thus, if the sections under which the appellant was prosecuted are in conflict with Sections 6591, 6597 and 6604, then the latter are repealed by implication, and no mention of them in the title or in the body of the act was necessary. If the sections under which the defendant was prosecuted are consistent with those sections, then they all remain in force and effect and there is no basis for the defendant's contention.

II.   Defendant filed a demurrer to the evidence at the close of the State's case and again at the close of all the evidence. It is argued that the evidence did not show that the liquor, which the defendant was charged with manufacturing, was in fact intoxicating, or that hootch, moonshine or corn whiskey was intoxicating, and a case could not be made out unless the fact of its intoxicating character was proven, either by actual test or by some experiment showing its alcoholic content.

*Alcoholic Content.*

Neither Section 21, nor Section 2, of the Act of 1923, requires any particular alcoholic content in the liquor, the manufacture of which is forbidden. The manufacture of corn whiskey is a felony. That is a statutory finding that corn whiskey is intoxicating liquor, for the section appears in the act which relates solely to intoxicating liquor. The witnesses testified that the liquid which they found at the place was corn whiskey. We do not find in the record any objection that those witnesses were not qualified to tell by inspection what it was.

They were not cross-examined as to their qualifications in testing liquors. So we think a case was made out. [State v. Rennison, 306 Mo. 1. c. 484.]

III. Error is assigned to the giving of Instruction One, which authorized the jury to find the defendant guilty if he "did unlawfully make corn whiskey, or did in any way aid, assist or encourage Lee Mullins or Bill McKinney in making corn whiskey." It is argued that it is not charged in the information that the defendant was accessory before the fact, or that he aided his associates in the manufacture of whiskey, but that he manufactured it.

*Accessory.*

Section 3687, Revised Statutes 1919, provides that every person who shall be principal in the second degree in the commission of a felony, or shall be accessory before the fact shall, upon conviction be adjudged guilty of the offense in the same degree, "*and may be charged, tried, convicted and punished in the same manner as the principal in the first degree.*" One charged with the commission of a felony may be convicted on proof that he was accessory before the fact. [State v. Schuchmann, 133 Mo. 111.]

IV. It is complained that the court failed to advise the jury as to the count upon which the defendant was tried and upon which they were to find a verdict. The information is in two counts, the first charging that the defendant unlawfully manufactured corn whiskey, the second charging that he used and operated a still in the process of manufacturing corn whiskey for sale and distribution. These different offenses are not charged to be different acts, nor committed on different dates, and all the evidence points to one single date—the first day of October, 1925, and one single act.

Instruction:
Two Counts:
Guilty under
Either.

The first count is under Section 21 of the Act of 1923, and the second count is under Section 2 of that act. Manifestly, those parts of those sections, which the information charges were violated, refer to one and the same act. The defendant could not use the implements for the manufacture of corn whiskey without manufacturing it, and he could not manufacture it without using those implements. The information thus differs from that considered in State v. Link, 315 Mo. 192, 286 S. W. 12. The only difference between the two sections is that under Section 2 of the act, the manufacture must be for sale, or transportation; whereas the proof of the offense under Section 21 would not include manufacture for the purpose of sale or transportation.

The verdict returned by the jury, which is also challenged, was general, the jury finding the defendant Ora Mitts "guilty as charged in the information." It is claimed that the jury should have designated on which count of the information they found the defendant guilty.

**Verdict.**

No motion to elect was filed by the defendant. Where two counts of an information charge the same offense a general verdict is sufficient. [State v. Van Wye, 136 Mo. l. c. 243; State v. Noland, 111 Mo. l. c. 500-501; State v. Reeves, 276 Mo. l. c. 353.] The Noland case reviews the authorities on the subject at length. It is manifest that the defendant could not in any event have been convicted upon both counts, because both refer to the same identical transaction. So, the general verdict is not vulnerable to the attack made by the appellant. The failure of the court to direct the jury to designate the count upon which they might find the defendant guilty, did not harm him.

V. The defendant complains of the refusal of the court to give certain instructions. Besides the demurrers to the evidence already considered, we find only one instruction in the record asked by the defendant and refused by the court. That instruction is on the credibility of witnesses, and is covered by an instruction given.

Other alleged errors are mentioned in the motion for new trial, but not urged for reversal in appellant's brief or argument. We did not find any of them of sufficient importance to merit further consideration.

The judgment is affirmed. All concur.