THE STATE v. JOHN WHEELER, Appellant.—2 S. W. (2d) 777.

Division Two, February 18, 1928.

1174

*Creech & Penn* for appellant.

*North T. Gentry,* Attorney-General, and *Claud Curtis,* Special Assistant Attorney-General.

1176

HENWOOD, C.—The appellant (a negro) was charged, by an information filed in the Circuit Court of Lincoln County, with the unlawful transportation of "moonshine." The jury found him guilty and assessed his punishment at imprisonment in the penitentiary for five years. He was sentenced accordingly and appealed.

The evidence offered by the State shows that the sheriff and one of his deputies and the prosecuting attorney arrested appellant on a public road, a short distance from the city of Troy, in Lincoln County, late in the afternoon of June 5, 1926. The officers were driving in the sheriff's car and overtook appellant, driving in the same direction and alone, in an Overland sedan. As soon as appellant recognized the officers, he stopped his car and, using one bottle of liquor as a hammer, began to break several other bottles of liquor, which he had in a basket in the back part of his car. He resisted the effort of the officers to get possession of the liquor and, after a struggle, in which he exchanged blows with the officers, he was overpowered, handcuffed and taken to jail. He told the doctor, who dressed his wounds shortly after his arrest, that the officers struck him when "he was trying to break up the whiskey." All of the bottles in the basket were broken, but the other bottle of liquor, which appellant used as a hammer, was captured and produced at the trial intact. The necks of five broken bottles and pieces of the broken basket were also offered in evidence by the State. Both the sheriff and his deputy testified that the unbroken bottle contained moonshine whiskey and that the basket and the paper in the basket, and the car in places, were "saturated" with moonshine whiskey.

Appellant, testifying in his own behalf, admitted that he broke the bottles in the basket when he saw the officers nearby, but insisted that the liquor in the unbroken bottle was alcohol and that the other bottles contained dandelion wine. He said he was on his way to the river to join some friends on a fishing party, when intercepted by the officers; and that he made the wine and had filled the five-pint bottles from "a big glass bottle" at home.

I. Both the information and the statute which defines the offense charged were attacked in the trial court, but these points are not briefed by appellant and, therefore, not seriously urged in this court. The information, in addition to other essentials, charges that appellant did "unlawfully, wilfully and feloniously transport moonshine." It is sufficient in form and substance. [State v. Cardwell, 279 S. W. 99.] We have heretofore upheld the validity of the statute involved (Sec. 21, Laws 1923, p. 242) against similar attacks. [State v. Tallo, 308 Mo. 584, 274 S. W. 466; State v. Combs, 273 S. W. 1037.] It follows that the motion to quash the information was properly overruled.

II. It is seriously contended that the trial court erred in permitting four special jurors to be included in the panel of twenty-four jurors from which the jury in this case was selected, over the objection of appellant. We are unable to agree with learned counsel in this contention. The deputy sheriff, who summoned these and other special jurors, testified that he did so under the order of the court and after all of the members of the regular panel had been exhausted. He further testified that he had no suggestions from the sheriff or any other person as to whom he should summon and that, when he summoned the four jurors in question from Hawk Point, he did not know the sheriff had formerly lived in that locality. While Section 6617 of the Revised Statutes of 1919 provides that alternate jurors selected by the county court shall be substituted for members of the regular panel who are disqualified or excused from jury service, it also provides "that if it shall be necessary to fill vacancies in the jury panel for the trial of any one case the court may in its discretion order the sheriff to summon from the bystanders a sufficient number of qualified persons to fill such vacancies in such case." Moreover, we have held that the statutory provision relating to the substitution of alternates for regular jurors is merely directory, and that the use of special jurors instead of alternate jurors to fill vacancies on the regular panel is not error unless it appears that the rights of the accused were prejudiced thereby. [State v. Knight, 312 Mo. 411, 278 S. W. 1036; State v. Wood-

1178

ard, 273 S. W. 1047; State v. Hayes, 262 S. W. 1034; State v. Murphy, 292 Mo. 275, 237 S. W. 529.] And, although it happens that the State's case, in this instance, was made on the testimony of the sheriff and the deputy who assisted him in arresting appellant, the special jurors were summoned by another deputy under the order of the court, and without interference or suggestion from any source. On the record before us, it is our conclusion that no error was committed in this particular.

III. We must also rule against the complaints of appellant as to the admission and exclusion of evidence and as to given and refused instructions.

The court properly permitted the sheriff and his deputy to testify concerning the character of the liquor in question, including the liquor spilled from the broken bottles in the car as well as that in the unbroken bottle which was taken from appellant's person. It has long since become a matter of common knowledge that "moonshine" means whiskey that is made illegally, and this fact has been recognized by this court in holding that lay witnesses may be able to identify moonshine whiskey from their ordinary experience in tasting or smelling the same. [State v. Moore, 279 S. W. 133; State v. Griffith, 279 S. W. 135.] And the court properly excluded the proof that the sheriff and his deputy searched appellant's house, after his arrest, "without a warrant," and the testimony of two witnesses that appellant had "a five-gallon bottle about half full of dandelion wine" at his house, a few days before his arrest, and that he gave them a drink of the same. The evidence as to the search of appellant's house, "without a warrant," was clearly immaterial in this case, and the so-called "corroborative testimony" concerning the dandelion wine was purely self-serving in character.

The motion for a new trial contains only general assignments of error as to the admission and exclusion of other evidence and as to given and refused instructions. Under new Section 4079, Laws of 1925, page 198, these assignments are not proper subjects for our consideration. [State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859.]

IV. There was no direct evidence tending to show that the unbroken bottle of liquor was transported, except while on appellant's person, but, aside from this question, the proof made by the State is amply sufficient to support the finding of the jury that the liquor spilled from the broken bottles in appellant's car was moonshine whiskey and that the same was actually transported by him. [State v. Bishop, 296 S. W. 147; State v. Nave,

**Sufficient Proof.**

285 S. W. 723; State v. Cardwell, 279 S. W. 99.] It follows that appellant's instruction in the nature of a demurrer to the evidence was properly refused.

V. Appellant further complains on the ground that the punishment assessed against him is excessive and was prompted by passion and prejudice on the part of the jury. True, **Excessive Punishment.** the jury imposed the maximum punishment in this case, but, it should be remembered that the fixing of punishment for crime is a legislative and not a judicial function, and, when the punishment assessed is within the range prescribed by statute, our appellate courts cannot adjudge it to be excessive. [State v. Alexander, 285 S. W. 984.] And it should also be remembered that the mere charge that a jury's verdict resulted from passion and prejudice, in the absence of proof, will be disregarded. [State v. Helpley, 279 S. W. 701; State v. Renfro, 279 S. W. 702.],

VI. Other errors assigned relate to improper remarks of the prosecuting attorney in his argument to the jury and improper examination of certain jurors by the trial court, touching their qualifications to sit as jurors in the trial of the case. Neither the prosecutor's remarks nor the court's examination of the jury are preserved in the bill of exceptions and, therefore, cannot be considered.

No prejudicial error appearing in the record, the judgment is affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.