THE STATE .v. WILLIAM DAVIS, Appellant.—46 S. W. (2d) 565.

Division Two, February 17, 1932.

744

*Chas. W. Graves* for appellant.

*Stratton Shartel*, Attorney-General, and *Walter E. Sloat*, Assistant Attorney-General, for respondent.

HENWOOD, J.—The defendant appealed from a judgment of the Circuit Court of Lincoln County, where he was charged with the unlawful transportation of "hootch, moonshine, corn whiskey," found guilty, and sentenced to imprisonment in the penitentiary for two and one-half years. The case was tried before Honorable Charles T. Hays, judge of the Tenth Judicial Circuit, as special judge, the

regular judge of the Circuit Court of Lincoln County having been disqualified.

The sheriff of Lincoln County and one of his deputies were the chief witnesses for the State. From their testimony, we gather the following:

About 8:30 o'clock Saturday evening, January 31, 1931, the sheriff and his deputy were stationed in a shed adjoining an alley in the town of Troy, in Lincoln County, watching for the defendant, and, through a window in the shed, saw the defendant drive a Buick coupe automobile "up" to the mouth of the alley, stop the automobile, get out of the automobile, and walk "up" the alley toward the rear entrance of a barber shop. The sheriff stepped out of the shed into the alley with his revolver in his hand, and arrested the defendant, a minute or two later, as he was returning from the barber shop to the automobile. The sheriff then fired one shot with his revolver as a signal to his deputy to come out of the shed and search the automobile. The doors and the rear compartment of the automobile were locked, and when the sheriff demanded the keys to the automobile, the defendant said he did not own the automobile or have the keys to the automobile in his possession. The deputy started to search the defendant, and the defendant handed the keys to him. The deputy unlocked the automobile, and found, on the seat and in the rear compartment, thirty-six short quart bottles of liquor, labeled "Gordon Dry Gin," three short quart bottles of liquor, labeled "Apricot Brandy," and ten short pints of liquor, labeled "Old Smugler Whiskey." The liquor was taken from the automobile and kept in the custody of the sheriff until the day of the trial.

The sheriff further testified that he had examined one bottle of the so-called gin, one bottle of the so-called brandy, and one bottle of the so-called whiskey, by smelling and tasting the contents of said bottles; that the liquor contained in each of said bottles was "hootch, moonshine;" that "hootch and moonshine are the same thing;" and that he had previously examined intoxicating liquors on numerous occasions, in the discharge of his duties as sheriff.

All of the liquor found in the automobile was produced at the trial, admitted in evidence, and exhibited before the jury, in connection with the sheriff's testimony.

No evidence was offered on behalf of the defendant.

I. The sufficiency of the information was challenged by a motion to quash, and it is now contended that the trial court erred in overruling the motion.

It is charged in the information "that William Davis, on the 31st day of January, 1931, at and in the County of Lincoln and State of Missouri, did then and there willfully and unlawfully and feloniously

transport hootch, moonshine, corn whiskey, contrary to the form of the statute made and provided and against the peace and dignity of the State.'' The information follows the language of the statute and covers all essential elements of the offense sought to be charged. [Sec. 4500, R. S. 1929.] It is sufficient. Similar informations have been approved by this court in numerous cases. [State v. Howard, 324 Mo. 145, 23 S. W. (2d) 11; State v. McGinnis, 320 Mo. 228, 7 S. W. (2d) 259; State v. Wheeler, 318 Mo. 1173, 2 S. W. (2d) 777.] The motion to quash the information was properly overruled.

II. The defendant also complains of the action of the trial court in overruling his motion to suppress the State's evidence, by which he challenged the legality of the search of the automobile and the seizure of the liquor found therein.

The sheriff and his deputy were the only witnesses offered in support of the motion, and their testimony in that connection was substantially the same as the testimony given by them at the trial of the case, as to the arrest of the defendant, the search of the automobile and the seizure of the liquor found in the automobile. But, in connection with the motion, the sheriff further testified that he had seen the defendant in Troy on two occasions prior to the occasion in question; that he was reliably informed that the defendant had been stopping his car in the alley behind the barber shop and peddling whiskey in Troy; that, about four o'clock in the afternoon of January 31, 1931, he was informed by a reliable business man of Troy that the defendant would be in the alley behind the barber shop about 8:30 o'clock that night and would have whiskey in his possession; and that he recognized the defendant as soon as he stepped out of the automobile at the mouth of the alley that night. Under such circumstances, the sheriff had reasonable grounds to believe that the defendant was committing a felony; and, so believing, the sheriff was authorized to arrest the defendant without a warrant, and, as incidents to the arrest, to search the automobile without a search warrant and to seize the liquor found therein. [State v. Harlow (Mo. Sup.), 327 Mo. 231, 37 S. W. (2d) 419; State v. Howard, supra; State v. Williams (Mo. Sup.), 14 S. W. (2d) 434; State v. Bailey, 320 Mo. 271, 8 S. W. (2d) 57.] The motion to suppress the State's evidence was properly overruled.

III. It is further contended that the evidence is insufficient as to the character of the liquor found in the automobile and as to the transportation of the liquor, and that, for these reasons, the demurrer to the evidence should have been sustained.

The evidence shows that the liquor found in the automobile was hootch or moonshine. Section 4500, Revised Statutes 1929, says that

any person who transports hootch or moonshine shall be guilty of a felony, and the language of this section amounts to a statutory finding that hootch and moonshine are intoxicating liquors, as the prohibition act, of which this section is a part, relates solely to intoxicating liquors. [State v. Mitts, 315 Mo. 1320, 289 S. W. 935; State v. Martin (Mo. Sup.), 292 S. W. 39.] It is a matter of common knowledge that hootch and moonshine are potable or capable of being used as beverages, and the courts of this State will take judicial notice of that fact. [Sec. 4496, R. S. 1929; State v. Hedrick (Mo. Sup.), 296 S. W. 152.] The evidence also shows that the defendant drove the automobile, in which the liquor was found, into an alley in Troy; that he had the keys to the automobile in his possession; and that he alone was directing the movements of the automobile. It was not necessary for the State to show the place from which he transported the liquor; nor was it necessary for the State to show the route or distance traveled by the automobile while the liquor was being transported therein. Section 4523, Revised Statutes 1929, says: "The words 'transport' and 'transportation' as used in any part of this chapter, shall be held to mean and include every mode, method, or means of carrying, or conveying, intoxicating liquor *from place to place* in any container, or receptacle, of whatsoever kind or character, and by whatsoever means used, except carrying intoxicating liquor on person." (Our italics.) The evidence is amply sufficient in every particular to support the verdict. [State v. Harlow, *supra*, and cases cited.] It follows that the demurrer to the evidence was properly overruled.

This disposes of all questions presented for our consideration. We find no error in the record proper or in the other proceedings of which the defendant complains.

The judgment is affirmed. All concur.