THE STATE v. PRESTON G. SMITH, *Appellant.*

| 66 | 61 |
| 147 | 19 |

Larceny: REMOVAL OF STOLEN PROPERTY INTO ANOTHER COUNTY. Each asportation of stolen property from one county into another, is a fresh theft. An indictment for stealing a mare in Greene county, therefore, is supported by evidence that she was stolen by defendant in Laclede county, and subsequently carried by him into Greene.

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

*J. L. Smith*, Attorney-General, for the State.

Sherwood, C. J.—Defendant was indicted for stealing a mare in Greene county. Indictment suffic' ent and trial regular in all its incidents. Result, conviction; and sentence, six years. All of the instructions on both sides were given. The first instruction for the State is based on and but an embodiment of section 25, 1 Wag. Stat. 456, the section under which the indictment was drawn.

The second instruction for the State presents the usual formula respecting recent possession of stolen property, and the conclusiveness of such possession being guilty, unless explained. (1 Greenlf. Ev., § 34, *State v. Gray*, 37 Mo. 463; *State v. Creson*, 38 Mo. 372); and the evidence adduced fully warrants the instruction.

The third instruction for the State asserts the law, as laid down by our statute, (§ 19, 2 Wag. Stat. 1089,) that where the offender steals property in one county and carries it to another county, he may be indicted and punished in either county. (*State v. Ware*, 62 Mo. 597.) The section referred to is but declaratory of the common law, which regards, in cases of larcenous taking, like the present one, every asportation as a new caption. (3 Greenlf. Ev., § 152 and Cas. Cit.,) and the testimony offered affords ample basis for this instruction. The ordinary instructions as to reasonable doubt, were given both at the instance of the State and of the defendant, and, for the latter, an instruction as to innocence being presumed.

The defendant is not represented in this court, but in discharge of the duty the law imposes, we have examined the record, and there is certainly nothing in the foregoing matters whereof any just complaint can be made. And we think there exists as little ground of objection relative to the second instruction given for defendant, that

the jury should acquit unless the property were stolen in Greene county. If as is the case, each asportation into another county, is a fresh theft, then there was no conflict between this instruction, and the third one for the State, nor was there any lack of evidence to support the verdict, although that evidence showed an original larcenous taking in Laclede county, and a subsequent asportation into the county of conviction.

The motions, therefore, made after such conviction are clearly untenable, and the judgment must be affirmed.

AFFIRMED.