## THE STATE v. ED. PARKER, FLOYD PARKER and BOB PARKER, Appellants.

### Division Two, December 3, 1923.

1. **BILL OF EXCEPTIONS: Short Transcript: Later Complete Transcript.** Although the record proper in a criminal case does not recite that a bill of exceptions was filed, if the appellant first filed a short transcript, with no bill of exceptions attached, and later, and within one year after the trial, filed a complete transcript, with a proper certificate attached thereto, any errors occurring during the progress of the trial will be considered.

2. **VENUE: Theft in One County: Stolen Property Sold in Another.** The evidence shows that peas of the value of $40 or more were taken from the owner's barn, and taken to Bertrand in Mississippi County and there sold to a merchant, but it does not show that the barn was in Mississippi County. The statute (Sec. 3724, R. S. 1919) provides that when property is stolen in one county and brought into another "the offender may be indicted, tried and convicted for such larceny in the county into which such stolen property was brought." *Held*, that, under said section, the Circuit Court of Mississippi County had jurisdiction to indict and try the offenders, whether or not the barn was in that county.

3. **WITNESS: Joint Indictee: Competency: No Objection.** Where no objection was raised by appellants to the competency of a joint indictee to testify, they will not be heard to contend on appeal that said witness, jointly indicted with them, could not become a competent witness for the State until he was first either convicted, acquitted or the indictment as to him dismissed.

4. **INSTRUCTION: Failure to Define Facts Material to Issue.** Where the instruction told the jury that the testimony of an accomplice, "unless corroborated by some other witness not implicated in the crime as to facts material to the issues, that is, facts connecting the defendants with the commission of the crime," etc., the complaint that the instruction fails to explain to the jury what is meant by the words "facts material to the issues" is without merit.

5. **ALIBI: Failure to Instruct: No Request or Exception.** Notwithstanding defendants produced substantial evidence that they were elsewhere on the night the offense was committed, a failure of the trial court to instruct on alibi was not error, if they asked no instruction on the subject, made no request for such instruction,

did not inform the court that they desired one, and saved no exception to its failure to so instruct, and raised the point for the first time in their motion for a new trial. The statute (Sec. 4025, ·R. S. 1919) requiring the court, whether requested or not, to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict, etc., does not compel the court of its own motion, without such request or information, to give an instruction on alibi.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Russell & Joslyn* for appellants.

(1) The indictment charges that the defendants "at the County of Mississippi and State aforesaid, sixteen sacks of peas of the value of forty dollars of the goods and chattels of one William Pope, then and there being, feloniously did steal, take and carry away." At no place in the bill of exceptions does it appear in what county Bill Pope's barn was located. The court must assume that the place from which these peas were taken was in Mississippi County simply because Bill Pope swore that he lived in Mississippi County. There is no proof that this barn was in the same county in which his house was located. This court should not permit a conviction to stand under such proof. (2) The indictment itself discloses that witness Finley was jointly indicted with these defendants, and, before he could become a competent witness for the State, he should have been convicted or acquitted, or the indictment as to him dismissed. State v. Chio Chiagk, 92 Mo. 406. (3) Instruction 4 is bad for two reasons. It fails to explain to the jury what is meant by the words "facts material to the issue" and it fails to tell the jury that in order to the corroboration of the testimony of the accomplice, such corroboration should go so far as to identify the person or the prisoner against

whom the accomplice speaks. State v. Chio Chiagk, 92 Mo. 417. (4) There is strong testimony in this record that the defendants were elsewhere on the night this offense is alleged to have been committed. Therefore, the court should have instructed the jury on their alibi. Sec. 4025, R. S. 1919; State v. Vinso, 171 Mo. 578; State v. Conway, 241 Mo. 271. In the motion for a new trial the court's attention was specifically called to this error and he was given the opportunity to correct. it.

*Jesse W. Barrett*, Attorney-General, and *Robert W. Otto*, Assistant Attorney-General, for respondent.

(1) The transcript of the record as filed in this case fails to show that the bill of exceptions was ever filed and made a part of the record. This court is therefore precluded from considering the bill of exceptions. Secs. 4039, 4103, R. S. 1919; State v. George, 221 Mo. 519; State v. Scobee, 255 Mo. 270; State v. Wade, 263 Mo. 262; State v. Latshaw, 209 S. W. 870; State v. Little, 248 S. W. 926; State v. Keyger, 253 S. W. 363. (2) The purported bill of exceptions not being signed by the trial judge there is nothing presented for review except the record proper. Secs. 1495, 4039, R. S. 1919; State v. Bockstruct, 192 S. W. 404; State v. Bowman, 213 S. W. 98; State v. Goodson, 252 S. W. 366. (3) The venue was properly. laid. The evidence establishes that the peas were taken from the farm of one William C. Pope which was in Mississippi County, and were sold to one G. W. Finnimore at Bertrand, in Mississippi County. (4) The contention made as to the competency of the testimony of Finley, in that he was jointly indicted with the defendants, loses its force when made here for the first time. This assignment, therefore, is not before this court for review. State v. Glazebrook, 242. S. W. 932. (5) The court did not err in failing to instruct on alibi. Where it does not appear from the record that the defendants offered any instructions aside from those given nor that any request was made for an instruction on

alibi, and since no exception was saved to the court's failure to instruct, this matter is not before this court for review.   State v. Nelson, 225 Mo. 551, 555; State v. Sykes, 248 Mo. 708, 712; State v. Cook, 207 S. W. 833; State v. Lee, 231 S. W. 621.

RAILEY, C.—On October 18, 1921, the grand jury of Mississippi County, Missouri, returned an indictment against Ed Parker, Floyd Parker, Bob Parker and Eurie Finley charging them with having stolen, in said county, on or about January 15, 1921, sixteen sacks of peas, of the value of forty dollars the property of William Pope. On February 13, 1922, Bob, Ed and Floyd Parker were formally arraigned, and each entered a plea of not guilty. The case was tried before a jury, and the latter, on said February 13, 1922, returned a separate verdict against each of said Parkers, convicting them of grand larceny, and assessed the punishment of each at two years imprisonment in the penitentiary. The above named defendants filed their joint motions for a new trial and in arrest of judgment. Both motions were overruled, and all three of said defendants were sentenced in conformity to said verdict, and judgment entered accordingly. Thereafter all of said appellants in due form appealed to this court.

The evidence on behalf of the State tended to show that one Eurie Finley and Bob Parker were hunting on the farm of Bill Pope, and found stored in a log cabin on said farm some peas; that about the 14th or 15th of December, 1920, Bob Parker came to Finley and told him he had seen Ed and Floyd Parker, and that they would go to said barn and take the peas; that Finley and the three Parkers met that night at the Dogwood School House, drove to said barn and loaded a wagon driven by Bob Parker with the peas from the Bill Pope farm. The peas were not sacked, but were loose in the crib, and were taken out of the latter in a bucket and dumped into the wagon box, by the three appellants and Finley. The next day the peas were taken by Finley and Floyd Parker to Bertrand, in Mississippi County, Missouri, and

sold by Floyd Parker to Mr. Fennimore. Floyd Parker received $54.97 for the load of peas, and Finley received $12.50 for his share of the above proceeds. He was paid his part, by check made to Floyd Parker. After the peas were taken as aforesaid, Floyd Parker approached Finley, and suggested that he should deny having taken the peas. He also asked Finley what his testimony was before the grand jury, Finley having testified before said body. Floyd Parker likewise told Finley that he was foolish for testifying before the grand jury, as they could have gotten a lawyer to beat the case. Soon after Finley was arrested, and while he was passing the house of Bob Parker the latter approached him, and wanted to know what he was going to testify to before the grand jury. When told by Finley that he was going to tell everything he knew about the case, Bob Parker told him if he would deny it they could beat the case.

The evidence on behalf of appellants tends to show that the peas hauled to Bertrand were owned by Floyd Parker and Tom Reed, and that Floyd paid Finley two dollars for helping him take the peas to Bertrand; that Floyd, with Finley, never got any peas from said barn; that Finley had no interest in said peas; that on the night before the peas were taken to Bertrand, Floyd Parker, with Luther Banks, John Foster, Leslie Keith and Ed Parker, was at the home of Floyd Parker's mother; that Ed, Bob and Floyd Parker did not go with Finley to the barn of Pope and take some peas; that Bob made no arrangement with Finley to take peas from the Pope barn; that on the night of December 17, 1920, Bob was at the home of J. S. Baker; that during the fall of 1920, one Bert Humphreys threshed about 160 bushels of peas for Ed Parker, Floyd Parker and Tom Reed; that all the peas threshed for said last named parties were on the farm of Mrs. Parker.

The instruction, rulings of the trial court and such other matters as may be deemed of importance, will be considered later.

I. Counsel for the State, in their brief, insist that there is nothing in the record proper which indicates

**Bill of Exceptions.** that any bill of exceptions was ever signed by the trial judge, and filed in this cause, and that, by reason thereof there is nothing before us for review but the record proper.

On May 18, 1922, there was lodged with the clerk of this court a short transcript, without any bill of exceptions attached. On December 30, 1922, there was filed with the clerk of this court a full transcript in said cause, containing a purported bill of exceptions, alleged to have been signed by Frank Kelly, the trial judge, and filed in said court, in this cause, on May 1, 1922. At the conclusion of the above transcript the following appears:

"State of Missouri ⎫
⎬ ss.
County of Mississippi ⎭

"I, F. T. Clarkson, Circuit Clerk and *Ex officio* Recorder of Mississippi County, Missouri, do hereby certify that the foregoing is a full, true and complete copy of the record proceedings and papers filed in the Case No. 1198, State of Missouri v. Bob Parker et al., as the same appears on file and in the Circuit Court Record of this county. Given under my hand and official seal this 27th day of December, 1922.

"F. T. CLARKSON, Circuit Clerk." etc.

We are of the opinion, that the record before us is in proper form, and that the bill of exceptions was duly signed, filed and made a part of the record in this cause. The foregoing contention of counsel for respondent is accordingly overruled.

II. It is contended by appellants, that the peas in controversy were not stolen in Mississippi County, Mis-**Venue.** souri, where W. C. Pope, the owner thereof, lived.

Pope testified that his peas were stolen from a log barn about one-half mile or less from his house. There is no substantial *evidence* in the record, either proving or tending to show, that said barn was in Mississippi County, Missouri. The facts, however, heretofore set out, as shown by the State, tend to prove that these appellants, with one Finley, an accomplice, stole said peas of the

value of $40 or more from said barn, and sold and delivered the same to Geo. Fennimore or the Bertrand Mercantile & Grain Company in Mississippi County, Missouri, for $54.97. There is abundant evidence in the record from which the jury were justified in fi ding that the peas aforesaid were stolen at said barn, brought to Mississippi County, if said barn was outside of same, and sold there as above indicated.

Section 3724, Revised Statutes 1919, reads as follows:

"When property stolen in one county and brought into another shall have been taken by larceny, burglary or robbery, the offender may be indicted, tried and convicted for such larceny in the county into which such stolen property was brought, in the same manner as if such larceny, burglary or robbery had been committed in that county."

While no explanation has been offered for the failure of the prosecuting attorney to prove the venue in this case, we hold that the above quoted section is sufficient to cover his dereliction of duty, based on the facts aforesaid. [State v. Smith, 66 Mo. 61; State v. Ware, 69 Mo. 332; State v. Williams, 147 Mo. 14; Sec. 3685, R. S. 1919; State v. Mintz, 189 Mo. 268; State v. Bennett, 248 S. W. (Mo.) l. c. 925.] In view of the above authorities, the foregoing contention is without merit.

III. It is claimed by appellants that as Eurie Finley was jointly indicted with them, he could not become a competent witness for the State, without being convicted, acquitted, or the indictment as to him dismissed. We find upon inspection of the record, that Eurie Finley was sworn as a witness in behalf of the State, *and that no objection was raised by appellants as to his competency to testify.* The foregoing assignment of error is therefore devoid of merit and is accordingly overruled. [State v. Glazebrook, 242 S. W. (Mo.) l. c. 932; State v. Walls, 262 Mo. l. c. 110.]

Joint Indictee.

IV. Appellants assign as error the action of the court in giving instruction numbered 4, for the alleged

·State v. Parker.

reason that said instruction fails to explain to the jury what is meant by the words, "facts material to the issues," etc. Said instruction speaks for itself, and reads as follows:

"The court instructs the jury that the testimony of an accomplice in crime, . . . unless corroborated by some other witness or witnesses not implicated in the crime as to the facts material to the issues, that is, facts connecting the defendants with the commission of the crime, as charged against him, should be received and considered by you with great caution. But if you are fully satisfied that the testimony of an accomplice is true, and that the facts and circumstances testified to by him are sufficient to establish the guilt of the defendant of the crime as charged under the instructions of the court, then you are at liberty to find the defendants, or either, guilty upon such testimony alone."

*Defining Facts Material to Issues.*

In our opinion the most casual reading of said instruction clearly indicates that the above contention is without the slightest merit, and cannot be sustained.

V. It is insisted by appellants that the defendants were elsewhere on the night this offense is alleged to have been committed, and that the court should have instructed the jury on their alibi. It is contended by respondent's counsel that as no exceptions were saved, on account of the failure of the court to instruct in reference to the alibi, this matter is not before the court for review. We are cited, in support of this contention, to the following authorities: State v. Lee, 231 S. W. (Mo.) l. c. 621 et seq.; State v. Cook, 207 S. W. (Mo.) l. c. 833; State v. Sykes, 248 Mo. l. c. 712; State v. Nelson, 225 Mo. l. c. 555.

*Alibi: Failure to Instruct.*

The correctness of the rulings in the above cases must be construed in respect to the requirements of Section 4025, Revised Statutes 1919, as now construed, which reads as follows:

"The jury being impaneled and sworn, the trial may proceed in the following order: . . . fourth, whether requested or not, the court must instruct the jury in writing upon all questions of *law* arising in the case which are *necessary* for their information in giving their verdict; which instructions shall include, whenever necessary, the subjects of *good character and reasonable doubt;* and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial," etc. (Italics ours).

The rulings in the above cases cited by the State have been *modified* by our court en banc, in the recent case of State v. Burrell, 252 S. W. 709, and following, in so far as they are held to be in conflict with the requirements of said Section 4025, supra. We are of the opinion that the trial court complied with the requirements of above section, and that the instructions given, not only *properly* declared the law of the case, but contained *everything* that was *necessary* for the information of the jury in passing upon the merits of the case.

The observations made by this court in State v. Bond, 191 Mo. l. c. 563, are in point, and dispose of the question under consideration here. BURGESS, J., in considering the case, said:

"The defendant contends that the court erred in failing to instruct the jury on the question of alibi, which, under the evidence in this case, he insists it should have done; that, while the defendant did not in so many words say he was not present at the time and place of the alleged commission of the offense, yet his defense was an alibi, and the court should have instructed upon that phase of the case.

"The formal plea of defendant was that of not guilty. If, after the court had instructed the jury, the defendant had desired it to instruct upon the question of an alibi, he should, in all fairness, have called the court's attention to its failure to so instruct and asked it to instruct upon that feature of the case; and, if it refused to do so, saved

an exception; but this was not done. The mere fact that defendant may have asked the court in a general way to declare the whole law governing the case was not sufficient to indicate that the court had or might fail to do so in regard to any particular phase of the case."

The defendant was represented by able counsel in this case, and if they desired any instruction relating to alibi, to enable them to satisfactorily argue the case before the jury, they should have asked the court to instruct on that subject, or have presented an instruction of their own, and asked that it be given.

As said in Kinlen v. Railroad, 216 Mo. 1. c. 173-4, cited with approval in Breen v. United Rys. Co., 204 S. W. 1. c. 522: "There should be no masked batteries in the trial of a lawsuit. All matters should be uncovered in a manner that the court, counsel, and jury may see and understand all questions presented for determination."

It does not appear from the record in this case that the able counsel for appellants ever complained of the failure of the court to instruct, as to the alibi, until the filing of the motion for a new trial, two days after the verdict was returned. If they desired an instruction cover-i— his question, they should, in common fairness, have ned the court of such fact at the conclusion of the In matters of this character, which do not fall n the provisions of Section 4025 supra, before the trial court can be convicted of error the appellants must ask the court to give an appropriate instruction on the subject, or present one of their own and have it refused. In addition to foregoing, an exception must be saved to the adverse ruling of the court in respect to said matter.

Without extending this discussion further, we are of the opinion, that the trial court committed no error, in respect to above matter.

VI. We have carefully examined all the questions presented for our consideration in this case, and have reached the conclusion that defendants obtained a fair and impartial trial; that they were convicted upon substantial testimony, and that no errors of which they can

.legally complain were committed during the progress of the trial.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur; *White, J.,* in the result.