THE STATE v. GEORGE SANDOE, Appellant.

Division Two, December 20, 1926.

1. **INFORMATION: Intoxicating Liquor: Manufacture.** There being two counts in the information, one charging two defendants as principals and the second charging two others as accessories, the first informing the court that defendants did "wilfully and unlawfully manufacture, make, brew, distill houch, moonshine, corn whiskey, contrary," etc., was sufficient to sustain a conviction of defendant.

2. **CORN WHISKEY: Proof.** If defendant made any kind of whiskey he was guilty under the statute, and it was unnecessary to prove that it was corn whiskey, although the information charged that he made hootch, moonshine, corn whiskey. But in this case there was positive evidence that the whiskey made by appellant was corn whiskey.

3. **INTOXICATING LIQUOR: Manufacture: Sufficient Proof: Confession.** The physical facts, to-wit, that three officers found a still at the mouth of a ravine, a fire in the furnace, fifteen gallons of corn whiskey in fruit jars and other containers, eight barrels of mash in the process of fermentation, mash sticking to the sides of the cooker, the ground around the still tramped down and other actual preparations under way to run off more liquor from the mash on hand, when taken in connection with the presence of defendant at the scene, are clear and convincing proof, independent of their corroborating confession, of the **corpus delicti** and of defendant's guilt, charged with manufacturing hootch, moonshine, corn whiskey, and required the overruling of a demurrer to the evidence and a refusal of a peremptory instruction to the jury to return a verdict for the appellant.

4. **CORPUS DELICTI: Proof: Confession.** Full proof of the body of the crime is not required; what seem to be slight corroborating circumstances are sufficient to establish the **corpus delicti**. A still, a fire burning in the furnance, corn whiskey in jars, barrels of mash in the process of fermentation, mash sticking to the side of the cooker and the ground around the still tramped down, and the presence of defendants at the place, are sufficient proof that whiskey was being manufactured, aside from any admissions by them.

5. **INTOXICATING LIQUOR: Manufacture: Instruction on Circumstantial Evidence.** Only when the State relies on circumstantial evidence alone is an instruction on circumstantial evidence required. Where defendants were charged with unlawfully manufacturing corn whiskey, and every instrumentality for making it was in running order, and one of them was actually preparing to make it and the other was near by, and much whiskey in jars and mash in barrels were found near the still, the main reliance of the State was on direct proof, and especially so where defendants admitted to the officers who arrested them that the still, whiskey and everything

there found belonged to them and that they had been selling the whiskey made by them; and such being the State's evidence, such an instruction is not required.

6. **INTOXICATING LIQUOR: Manufacture: Instruction on Circumstantial Evidence: Review.** To review the action of the trial court in failing to give an instruction on circumstantial evidence the motion for a new trial must charge that the failure was error. And particularly so where there was no request for such an instruction.

7. ———: ———: **Confession of Accomplice.** The sworn written admission of another, jointly charged and being jointly tried, that he and appellant were full partners in the manufacture of corn whiskey, that they sold about all the corn whiskey they manufactured and that the sheriff has what is left, was clearly competent against such other, and if the appellant wished to have it confined to such other he should have asked that it be so confined, by an appropriate instruction or in some appropriate way.

8. ———: ———: ———: **Instruction without Request: Non-Direction: Defense.** The failure of the trial court to instruct the jury on a matter pertaining wholly to appellant's defense was mere non-direction and unless there was a request for such an instruction such failure is not for review in the appellate court. It was not the duty of the court, of its own motion, to instruct the jury that an extra-judicial written admission or confession, made by a joint indictee who is being jointly tried as an accomplice, could not be considered by them in determining the guilt or innocence of the other defendant, a separate appellant. Such an instruction was not a part of the State's case, but related to the appellant's defense, and if he desired to have the admission confined to his accomplice he should have requested the court so to restrict its consideration by the instructions to be given or presented an instruction confining its consideration to the accomplice; and having failed to do either, such non-direction is not for review in this court.

9. ———: ———: ———: **Non-Prejudicial.** A written confession by an accomplice that he and appellant, who were jointly indicted and jointly tried as principals for the unlawful manufacture of whiskey, were full partners in the manufacture of corn whiskey, that they sold about all the corn whiskey they manufactured and that the sheriff has the rest, was not injurious to appellant where he himself told the officers who arrested them that he and such accomplice owned the still and whiskey, and he wanted the whiskey tested in order that the court might see that they were making good whiskey. The admissions of the accomplice were in line with those made by himself, and were not injurious to him, and an assignment that the trial court erred in failing to give an instruction, of its own motion, confining the jury's consideration of the written confession to the accomplice who made it, is without merit.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1579, p. 772, n. 28; Section 1580, p. 772, n. 31; Section 2433, p. 1008, n. 4; p. 1009, n. 6; Section 2456, p. 1025, n. 96; Section 2497, p. 1056, n. 14; Section 2499, p. 1057, n. 26; Section 2707, p. 1180, n. 74; 17 C. J., Section 3333, p. 66, n. 15; Section 3349, p. 87, n. 43, 44; Section 3351, p. 89, n. 70; Section 3664, p. 321, n. 47; Section 3665, p. 324, n. 68. **Intoxicating Liquors,** 33 C. J., Section 451, p. 729, n. 42; Section 468, p. 740, n. 29; Section 502, p. 758, n. 80; Section 524, p. 772, n. 61; Section 531, p. 777, n. 58.

Appeal from McDonald Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*O. R. Puckett* for appellant.

(1)   The evidence, taken altogether, such as was competent and admissible, is only sufficient to support a conviction of this defendant for the crime of unlawfully possessing intoxicating liquor and of possessing a still fit for use in the production of intoxicating liquor. (a)   Unless the written statement of Gillispie, made out of court, was admissible there was not sufficient evidence to submit the case to the jury, for there was no other evidence given nor offered by the State proving or tending to prove when, if ever, the offense charged was committed, or to show that any such offense was committed by this defendant within the three-year period, or that if committed, it was committed in McDonald County, or that it was corn whiskey, hootch or moonshine.   Had Gillispie been offered as a witness to testify to such facts in court, the trial court would have had to exclude the testimony on the ground that he was a co-defendant and therefore an incompetent witness against defendant.   The State will certainly not be permitted to do indirectly that which it is prohibited by law from doing directly.   Secs. 4035, 4036, R. S. 1919; State v. Reppley, 278 Mo. 333; State v. Chyo Chiagk, 92 Mo. 395.   (b)   The injection of that evidence, the Gillispie statement, in the manner in which it was produced, wrongfully deprived this defendant of his right to an instruction that the testimony of an accomplice should be received with great caution, the omission of which would have been reversible error.   State v. Williams, 266 S. W. 284.   (c)   Had this defendant himself made such a statement, it would have been an extra-judicial confession, made in the absence of any independent proof of the principal fact, and, so far as any other proof showed, may have been a lie.   It certainly could not have been taken and treated as a plea of guilty in open court, there being no evidence, independent of the statement, that defendant made any whiskey or, if he did, that it was made in McDonald County, or if in McDonald County, within the three-year period.   Defendant's own statement, made out of court, did not admit that he made any whiskey, nor that it was made in McDonald County, nor within the three-year period, only that the whiskey and the still belonged to him.   (d)   Confession of guilt must be supported by independent proof of the *corpus delicti*, in order to support a conviction.   Suspicion and conjecture cannot take the place of testimony.   The state will surely concede this without further citation than State v. Young, 237 Mo. 170.   (2)   Should it be considered that there was sufficient circumstantial evidence from which the jury could infer that the whiskey was made by defendant in McDonald County within the three-year period, it was mandatory upon the trial court to give an instruction on circumstantial evidence.   That the defendant made the whiskey

just across the line in Arkansas and had but recently moved and set up his still in McDonald County preparatory to resuming operations, is just as consistent with the circumstantial evidence as is an inference that the whiskey was made in McDonald County and, if as consistent, it would have been the duty of the jury to acquit of the charge contained in the information. State v. Swarens, 241 S. W. 940. (3) Whether requested or not, the court must instruct the jury in writing upon all questions necessary for their information in giving their verdict and a failure to so instruct in cases of felony shall.be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial. Sec. 4025, R. S. 1919; State v. Cole, 263 S. W. 207; State v. Harris, 267 S. W. 803; State v. Slusher, 256 S. W. 817; State v. Conner, 252 S. W. 714. That this point was raised in a motion for a new trial is sufficient to bring it before this court. State v. Conway, 241 Mo. 273.

*North T: Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to take the case to the jury. State v. Bennett, 270 S. W. 295; State v. Gatlin, 267 S. W. 799; State v. Cardwell, 279 S. W. 99; State v. Cockrum, 278 S. W. 700. (2) The *corpus delicti* was proven by substantial evidence. Defendant's statements were sufficient to constitute extra-judicial confession, and there was sufficient other evidence to make such confession admissible. Full proof of the body of the crime independent of the confession is not required; but on the contrary what may seem to be slight corroborating facts have been held to be sufficient. State v. Keltner, 278 S. W. 825; State v. McCorn, 237 Mo. 246; State v. Mullinix, 301 Mo. 391; State v. Knowles, 185 Mo. 177; State v. Walker, 98 Mo. 111; State v. Patterson, 73 Mo. 695. (3) Complaint is made of the failure of the court to instruct the jury that a written admission or confession of the co-defendant could not be considered in determining defendant's guilt, such co-defendant being incompetent as a witness in the case either in the court or out of court for the State. No exception was saved to failure of court to so instruct, nor was any such instruction offered or requested by defendant. State v. Catlin, 118 Mo. 100; State v. Allbright, 144 Mo. 642; State v. Vinso, 171 Mo. 591. Even if properly saved for review, and if such instruction had been necessary, such confession by Gillespie could at most be nothing more than harmless error, inasmuch as it contained no material facts or information relating to defendant's guilt not already supplied by defendant himself in his admissions. (4) In view of the fact that there was evidence that appellant had admitted his guilt the action of the court in failing to instruct on circumstan-

tial evidence is not open to criticism. State v. Armstrong, 167 Mo. 268; State v. Robinson, 117 Mo. 663; State v. McCord, 237 Mo. 247. (5) There is abundant evidence which goes to prove the whiskey manufactured was "corn whiskey." The unlawful manufacture of whiskey without designating the particular kind or brand constitutes a felony under the statute. State v. Pinto, 279 S. W. 144; State v. Wright, 280 S. W. 703.

RAILEY, C.—On December 8, 1925, the Prosecuting Attorney of McDonald County, filed in the circuit court of said county, a verified information, which, omitting formal parts, reads as follows:

"Now comes J. T. Pinnell, Prosecuting Attorney within and for McDonald County, in the State of Missouri, in the behalf of the State of Missouri, under his official oath and upon his information and belief, informs the court that on or about the 30th day of October, 1925, at and in the County of McDonald and State of Missouri, one George Sandow and Harvey Gillespie did then and there wilfully, unlawfully and feloniously manufacture, make, brew, distill houch moonshine, corn whiskey, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.

"And the said J. T. Pinnell, prosecuting attorney aforesaid, upon his official oath and upon his information and belief aforesaid, doth further inform the court that on or about the 30th day of October, 1925, at and in the County of McDonald, in the State of Missouri aforesaid, one Ike Summers and Claud Summers then and there wilfully and unlawfully and feloniously were present, aiding, helping, abetting, assisting and maintaining the said George Sandow and Harvey Gillespie in the felony aforesaid, in manner and form aforesaid, to do and commit, contrary to the form of the statute in such cases made, and provided and against the peace and dignity of the State."

Both defendants waived a formal arraignment and entered their pleas of not guilty. On the date aforesaid a trial was had before a jury and the following verdict returned:

"We the jury find both the defendants guilty as charged in the first count in the information and we do assess the punishment of George Sandow at five years in the State penitentiary. And we do assess the punishment of Harvey Gillespie at five years in the State penitentiary."

On the date aforesaid, both defendants filed their respective motions for a new trial, which were overruled. Thereafter, the court granted each of said defendants allocution on the date aforesaid, entered judgment, pronounced sentence on each defendant separately,

and each was granted an appeal to this court. The case of State v. Gillespie is separately briefed and numbered in this court.

Counsel for the defendant in this case have made a very brief and *argumentative* statement of the facts which we cannot accept. On the other hand, counsel for the State have made a very full and fair statement, which we adopt as follows:

"The testimony of the State in the case tends to show that on or about the 30th day of October, 1925, the sheriff of McDonald County, Missouri, L. R. Smith, and his deputy, George Jeffries, together with Joe Gailey, Sheriff of Benton County, Arkansas, and one of his deputies, a Mr. Fields, made a raid in search of a still which they located at the mouth of a hollow some distance south of Pineville, Missouri, and in McDonald County. At the still when discovered, they found a fire burning in the furnace, some fifteen gallons of corn whiskey in fruit jars and other containers, eight fifty-gallon barrels of mash in the process of fermentation, mash sticking to the sides of the cooker, and the ground around the still tramped down. Everything in fact indicating that the still had very recently been operated, and that actual preparations were under way to run off more liquor from the mash on hand.

"Sheriff Smith, and the Sheriff of Benton County, who first discovered the still under a shelf of rock, went in under the rock and sat down until Mr. Gillespie and a boy by the name of Summers came up carrying a load of wood apiece. The Summers boy dropped his wood and stopped where he was, and Gillespie started to run. The sheriff halted him and they remained there for some time.

"In the meantime, the deputy sheriff, Jeffries, had captured Sandow (Sandoe) a short distance from the still, and a little later brought him there. Sandow (Sandoe) said that if Jeffries had not stopped him, he would have been up there and they need not have waited so long.

"They then started with Sandow (Sandoe) and Gillespie to the sheriff's car, which they had left about a mile from the still, during which time both defendants freely talked regarding their ownership of the still and their part in the manufacture of the whiskey.

"Sandow (Sandoe) stated that the still was his, and Gillespie's; that everything belonged to Gillespie and him; that it was their whiskey, and their still; that he wanted the whiskey tested, and wanted to show the judge of the court what kind of whiskey they were putting out. Said that 'whiskey would test from 100 to 150.' Said that they had a good outfit made of solid copper, and that they were putting out a good grade of whiskey.

"The testimony of Sheriff Smith goes to show that the statements and admissions of Sandow (Sandoe) and Gillespie made in the presence of each other, were voluntary, and that no force, intimida-

tion or undue influence was used to secure such statements and admissions.

"The trial court after hearing such testimony on the part of the sheriff in the absence of the jury, said:

" 'The confession is voluntary so far as its admissibility is concerned with the court.'

"On the day following the arrest Gillespie made the following written statement which was identified by the sheriff, marked 'Exhibit A,' and offered in evidence by the State:

" 'I, Harvey Gillespie, being duly sworn according to law, make the following statement of my own free will and accord.

" 'I came from Joplin, Missouri, and vicinity in September, 1925. George D. Sandow and I put up a still and manufactured corn whiskey; we moved to the farm occupied by Ike Summers and made two runs of corn whiskey in October, 1925. We turned out about forty gallon of corn whiskey on the Summers place. Ike Summers gave us permission to run the still on the farm in his possession. We took odd meals there and slept in Ike Summers' barn. Sandow and I were full partners in the manufacture of corn whiskey in McDonald County, Missouri, during the month of October, 1925. We sold about all the corn whiskey we manufactured. The sheriff has what is left.'

"The testimony of Sheriff Smith was corroborated by Sheriff Gailey, and Deputy Sheriff George Jeffries, both of whom testified in behalf of the State.

"The defense offered no testimony; but at the close of the testimony offered by the State the attorney for the defense seemingly offered a verbal motion asking the court to instruct the jury that under the law and evidence in this case they should acquit the defendant, which motion was overruled by the court."

I. The information containing two counts, is heretofore set out. The first count of same, under which defendant stands convicted, is sufficient as to both form and substance. [State v. Addington, 285 S. W. 736; Kinney v. State, 285 S. W. 87; State v. Wright, 280 S. W. 703; State v. Bostic, 285 S. W. 432; State v. Griffith, 279 S. W. 135; State v. Moore, 279 S. W. 133; State v. Brown, 285 S. W. 995; State v. Bauer, 285 S. W. 82.]

**Information.**

II. The first two grounds in the motion for a new trial may be considered together. They charge, that the verdict of the jury is against the evidence, against the weight of the evidence, and contrary to the law as declared by the court. It is unnecessary to consider at length these propositions. The evidence heretofore set out is conclusive as to appellant's guilt and

**Sufficient Evidence.**

especially so in considering a demurrer thereto. This assignment of error is without merit and overruled.

III. The third assignment in the motion for a new trial charges that defendant should have been acquitted for the following reasons:

(a) "There was no evidence given or offered by the State proving or tending to prove, *when*, if ever, the alleged offense was **Within Three Years.** committed by defendant or to show that the information in said case had been filed within three years after the offense was alleged to have been committed."

The record proper discloses that the information herein was filed on November 7, 1925. It charges defendant with the violation of the liquor law on or about October 30, 1925. On the facts stated, the information was filed promptly and in ample time. The testimony of L. R. Smith, Sheriff of McDonald County, and others who were with him, tends to show, that on October 30, 1925, defendant was unlawfully making whiskey in McDonald County, Sheriff Smith testified on this subject as follows:

"Q. In what county and state did these things to which you have testified occur Mr. Smith? A. McDonald County, State of Missouri."

Defendant was engaged in the business of making whiskey when arrested on October 30, 1925.

The foregoing contention of appellant is without merit.

(b) It is insisted in said assignment three that:

"There was no evidence given or offered by the State proving or **Corn Whiskey.** tending to prove the intoxicating liquor alleged to have been made by defendant was corn whiskey."

Sheriff Smith testified that he tasted the whiskey in controversy and that it was corn whiskey. The evidence conclusively disclosed that defendant was engaged in unlawfully manufacturing whiskey in McDonald County, Missouri, on October 30, 1925. It was immaterial whether he was making corn whiskey, as he was guilty if he made any kind of whiskey on said occasion. [State v. Wright, 280 S. W. 703; State v. Brown, 285 S. W. 995-6.]

IV. Appellant's fourth assignment of error in said motion reads as follows: "Because the court erred in giving instruction numbered 2 for the State, for the reason there was no evidence in the case upon which to base the same." Said instruction reads as follows:

"The court instructs the jury that if you find and believe from the evidence in this case beyond a reasonable doubt that at and in the **Instruction.** County of McDonald and State of Missouri, on or about the 30th day of October, 1925, the defendants, George Sandow and Harvey Gillespie, did then and there wilfully and

feloniously manufacture, make, brew and distill corn whiskey, then you will find the defendants guilty as charged and so state in your verdict and assess their punishment at imprisonment in the penitentiary for not less than two years nor more than five years or in the county jail not less than three months nor more than twelve months or at a fine of $500 or by both such fine and imprisonment, and unless you so find you will acquit the defendants.''

We are of the opinion that the above instruction is correct, based upon our laws, and was clearly warranted by the uncontradicted evidence heretofore set out. This assignment is likewise overruled.

V. The fifth ground in defendant's motion asks for a new trial: ''Because the court erred in refusing to give instructions lettered 'A,' 'B' and 'C.' ''

We will dispose of this contention in the order named.

(a) Instruction ''A'' was simply a demurrer to the evidence, and was properly refused for the reasons heretofore stated.

(b) Instruction ''B'' reads as follows:

''You are instructed that there is an entire absence of proof in this case, independent of testimony of admissions and confessions of the defendants made outside of court, in support of the charge contained **Corpus Delicti.** in the information filed in this case, or that the intoxicating liquor mentioned in evidence was made or manufactured by any person or persons whomsoever at McDonald County, Missouri, within three years next preceding November 7, 1925, the date upon which said information was filed, and you should, therefore, under the laws of this State, acquit the defendants of the crime charged.''

Counsel for defendant raised the above question before the trial court and the latter held there was sufficient evidence to establish the *corpus delicti* without regard to the confession of defendant. We are of the opinion that the physical facts, taken in connection with the presence of defendant at the scene of the crime, furnished clear and convincing proof of defendant's guilt independently of his confession, which corroborated the same. The court committed no error in refusing said instruction ''B'' which was in legal effect a demurrer to the evidence.

(c) Instruction ''C'' was also properly refused in view of the evidence adduced at the trial establishing the *corpus delicti*. The admissions of defendant, in connection with the other facts mentioned in evidence, disclosed that he was engaged in unlawfully manufacturing whiskey for sale at the time, and place where he was arrested. We have often held that *full* proof of the body of the crime is not required. On the contrary, what may seem to be slight corroborating facts have been held to be sufficient to establish the *corpus delicti*.

[State v. Keltner, 278 S. W. 825; State v. Mullinix, 301 Mo. 391; State v. McCord, 237 Mo. 1. c. 246; State v. Knowles, 185 Mo. 1. c. 177; State v. Walker, 98 Mo. 1. c. 111; State v. Patterson, 73 Mo. 695.]

Without extending this subject further, we hold that there was *substantial* evidence, aside from defendant's admissions, tending to establish the *corpus delicti*. The admissions of defendant and his presence at the scene of the crime clearly established his guilt.

The above assignments of error are accordingly overruled.

VI. Appellant in his brief has discussed some questions which were not assigned as error in the motion for a new trial. Among these it is claimed that the court should have instructed on *circumstantial* evidence. The main testimony of the State as to defendant's guilt was *direct* and not circumstantial. The instru-

**Circumstantial Evidence.** mentality for making whiskey was found ready and in good running order for making it. A large quantity of whiskey was seized there, and one of the defendants apprehended on the ground making preparation for this unlawful business. The other defendant was arrested near by. These defendants, desiring to save the boy who was with them, *admitted* that the still, whiskey and everything found there belonged to them, and that they had been selling the whiskey made by them, etc. It is only where the *State* relies on circumstantial evidence alone that an instruction on this subject is required to be given. [State v. Crone, 209 Mo. 317; State v. Steinkraus, 244 Mo. 153; State v. Massey, 274 Mo. 1. c. 588; State v. Stegner, 276 Mo. 440; State v. Emmons, 285 Mo. 59; State v. Baird, 288 Mo. 65-6; State v. Lyle, 296 Mo. 439, and cases cited; State v. Craft, 299 Mo. 346; State v. Cox, 267 S. W. 887, and cases cited.]

(a) Aside from the foregoing, in order that the action of the trial court may be reviewed here for failing to instruct on *circumstantial evidence,* it would have to appear from the *motion for a new*

**Review.** *trial,* that the court was charged with error in failing to instruct on circumstantial evidence. The law on this subject is too well settled in this State to admit of further discussion. [State v. Dickens, 285 S. W. 1. c. 448; State v. Knight, 278 S. W. 1. c. 1039; State v. Gurnee, 274 S. W. 1. c. 60; State v. Burrell, 298 Mo. 1. c. 679, 252 S. W. 709; State v. Taylor, 267 Mo. 41, 183 S. W. 299; State v. Snyder, 263 Mo. 1. c. 668, 173 S. W. 1078; State v. Douglas, 258 Mo. 1. c. 289, 167 S. W. 552; State v. Harris, 245 Mo. 445, 150 S. W. 1040; State v. Gifford, 186 S. W. 1. c. 1060.] Considered in the light of foregoing authorities, the trial court cannot be convicted of error in failing to instruct on *circumstantial evi-*

*dence* and, especially so, as no request was made upon the trial court to so instruct.

VII.  It is contended that the court erred in failing to instruct the jury that the extra-judicial written admission or **Admission** confession obtained by the prosecuting attorney and **of Accomplice.** made by Gillespie as an accomplice could not be considered by the jury in determining the guilt or innocence of defendant, etc.

The sworn admission of defendant Gillespie, who was being jointly tried with George Sandoe, was undoubtedly competent evidence against Gillespie for he stated therein that: "Sandow and I were full partners in the manufacture of corn whiskey in McDonald County, Missouri, during the month of October, 1925. We sold about all the corn whiskey we manufactured. The Sheriff has what is left."

As above suggested, this admission was clearly competent as against Gillespie. If defendant desired to have the admission confined alone to Gillespie, he should have asked or presented to the court an instruction covering the same. He neither asked, nor presented such an instruction at the trial.

We have held, that as a part of the State's case, it is the duty of the court, whether requested or not, to properly declare all the law that is necessary to enable the jury to intelligently pass on the case. [Sec. 4025, R. S. 1919; State v. Burrell, 298 Mo. 678-9, and cases cited.] The instruction which it is now claimed should have been given by the court of its own motion was not a part of the State's case, and like an alibi related to the defense. Unless, therefore, a proper instruction was presented by defendant to the court on this issue, or the latter was requested to give such an instruction, its non-direction is not the subject of review here. [State v. Cardwell, 279 S. W. 100; State v. Brazel, 270 S. W. 274; State v. White, 263 S. W. 195; State v. Daugherty, 302 Mo. 638, 259 S. W. 788; State v. Carr, 256 S. W. 1048; State v. Parker, 301 Mo. 294, 256 S. W. 1042.]

In the recent case of State v. Cardwell, 279 S. W. l. c. 100, in considering this subject it is said: "We have uniformly held, in cases of this character, that defendant is entitled to a converse instruction when he requests it, unless the State's main instruction contains a clause equivalent to a converse instruction." [Here follows an array of authorities.]  .  .  .  These cases proceed on the theory that a converse instruction is no part of the State's case, and, if the appellant desires an instruction on the subject, he should either present one or ask the court to give such an instruction. The law in respect to this matter is analogous to that relating to an alibi. We have held that, where an alibi is relied on, it is a part of the defendant's

316 Mo.—6.

affirmative defense. It is no part of the State's case, and, unless the court is requested to instruct on the subject, it cannot be convicted of error for failing to do so.''

Tested by the foregoing authorities the matter complained of is not open for review here.

(a) Aside from the foregoing, this defendant told the Sheriff of McDonald County and witness Gailey, Sheriff of Benton County, Arkansas, *that he and Gillespie owned the still and* **Own Confession.** **Cured by** *whiskey;* that the boy present had nothing to do with it; that he wanted the whiskey *''tested, to show to the court they were making good whiskey.''* The defendant was not injured by Gillespie's admissions, for they were in line with those made by himself.

The foregoing assignment of error is without merit and overruled.

VIII. We have carefully examined the record, and all the questions presented in the respective briefs. The defendant is here upon a demurrer to the evidence after admitting in the presence of the two **Conclusion.** sheriffs that he and Gillespie were the owners of the whiskey and still mentioned in evidence, and that they were making good whiskey for sale. The record presents a flagrant disregard of law upon the part of both defendants. They have been properly tried, and are here without any meritorious defense.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.