WILLUM MORTON v. THE STATE.

No. 12357. Delivered February 27, 1929.

448

The opinion states the case.

*J. J. Greve* and *H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for cattle theft; punishment, two years in the penitentiary.

In view of the disposition deemed necessary of this case, we omit discussion of the facts.

Appellant's witnesses testified that his reputation as a peaceable, law-abiding citizen in the community in which he lived was good. The court charged the jury as follows:

"The evidence as to reputation of the defendant for peace and violence is to be considered by you, if at all, to enable you to pass upon his application for a suspended sentence, and for no other purpose."

This charge was properly excepted to. It was error to give same. Long before we had the suspended sentence law, this court repeatedly said that proof of good reputation for peace and law observance was relevant, and to be considered by the jury as any other testimony in determining the guilt of the accused. House v. State, 42 Texas Crim. Rep. 125; Lincecum v. State, 29 Texas Crim. App. 328; Lann v. State, 25 Texas Crim. App. 495; Lockhart v. State, 3 Texas Crim. App. 567; Coffee v. State, 1 Texas Crim. App. 548. The rejection of testimony of good reputation of the accused, where the only issue was his guilt or innocence, has been held of such materiality as to call for reversal of the case.

There is a bill of exceptions complaining of the refusal of the court to submit the affirmative defense relied upon by appellant. While it is true the State showed that appellant and one Brit Murray went in a truck twelve or fifteen miles at night, shot a four months old calf, took it back home and appropriated it, still the appellant and his wife testified very positively that he was employed by Murray to go with him on the occasion in question, and to assist him in killing and butchering the animal in question, and that Murray paid him two dollars for his services and the use of his truck in that connection. The court should have instructed the jury that if they believed that appellant was employed by Murray to aid and assist him, and that he had no guilty connection with the transaction, he should be acquitted. We are not laying down any form for the court's charge but indicating what should be its substance.

For the error mentioned, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The opinion states the case.